■ BENJAMIN MALMETH, Respondent, v. CORNELIUS SCHNEIDER, Appellant. — In an action to recover damages for defendant's alleged wrongful dissolution of his partnership with the plaintiff, the defendant appeals from an order of the Supreme Court, Queens County, dated October 18, 1962, which denied his motion for judgment on the pleadings, dismissing the complaint (Rules Civ. Prac., rule 112). (See 36 Misc 2d 966 for opinion of the court.) Order reversed, with $10 costs and disbursements; motion for judgment on the pleadings granted; and complaint dismissed. The unambiguous language of the partnership agreement provides for the continuing performance by the parties so long as the agreement shall be in effect. However, the agreement contains no provision for its duration. Under such circumstances, the agreement created a partnership at will which might be dissolved at any time by the express will of either partner without violation of the agreement (Partnership Law, § 62, subd. 1, par. [b]). Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROCCO DONNAURO, Appellant.— Appeal by defendant from a judgment of the former County Court, Queens County, rendered March 9, 1961 on his plea of guilty, convicting him of attempted burglary in the third degree, and sentencing him, as a second felony offender, to serve a term of 9 to 10 years. Judgment affirmed. The sole issue raised on this appeal is whether the sentence is excessive. In light of defendant's past record, we do not believe it is. Ughetta, Acting P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.