Irving L. Levey, J.
This is a motion under CPLR 3211 (subd. [a], par. 7) by the fourth-party defendant, New York Telephone Company, for judgment dismissing both the plaintiff’s complaint against the City of New York and the city’s fourth-party complaint against the telephone company. The defendant urges that, under the express allegations of plaintiff’s complaint and bill of particulars, the city owed no duty in tort, as a matter of law, to plaintiff’s decedent.
This is a wrongful death action, in which the telephone company has been impleaded by the city and another defendant. Plaintiff’s decedent was an employee of the telephone company *902 who was killed on October 4, 1962 in an explosion of a boiler on their premises, resulting in the deaths of 23 persons and injuries to 95 others.
This catastrophe prompted the Governor of the State to direct an official inquiry as to “ whether there was any official neglect of duty on the part of the New York City Department of Buildings in failure to inspect the boiler under the provisions of the Administrative Code of the City of New York (sections B26-1.0 through B26-4.0) or any other section of the law.”
The preliminary report of such inquiry charged the Department of Buildings of the City of New York with protracted official neglect of duty in failing to make any inspection of the boiler, its appliances or apparatus, for almost four years prior to the explosion. The report further stated that — “4. Had there not been this protracted official neglect of duty by the Department of Buildings, the catastrophe * * * might have been avoided.”
Section B26-1.0 of the Administrative Code of the City of New York requires the Commissioner to cause an inspection, at least once a year, of all steam boilers, including those used for heating purposes, and the apparatus and appliances connected with such boilers, providing in addition: ‘ ‘ Such engineer shall limit the pressure of steam to be applied to or upon such boiler, and shall certify each inspection together with the limit of pressure to the owner or lessee of the building or boiler, and also to the engineer or operator who operates the boiler ”.
Section B26-3.0, in substance, requires that accurate records be kept of all inspections and the amount of steam or pressure allowed in each case. Should the department find after inspection that the boiler or apparatus or appliances connected therewith— “ shall be deemed insecure or dangerous, the department may prescribe such changes and alterations as may render such boilers * * * secure and devoid of danger. Whenever it is deemed necessary, the appliances, apparatus or attachment for the limitation of pressure may be taken and controlled by the department and all persons prevented from using the same.”
Section B26-4.0 makes it unlawful for any person to apply to any steam boiler a higher pressure of steam than that limited for such boiler, specifically providing: “In case any owner of any steam boiler shall fail or omit to have the same reported for inspection, as provided by law, such boiler may be taken and controlled by the department and all persons may be prevented from using the same until it can be tested.”
Movant seeks to escape liability on the ground that the City of New York owed no duty in tort to plaintiff’s decedent solely *903 as a result of the city’s alleged failure to inspect the boiler in suit, maintaining that such failure to carry out a government function (as opposed to negligence in the performance of such function) will not give rise to municipal tort liability.
In the court’s opinion, however, the complaint, amplified and fortified by the bill of particulars, sufficiently states a cause of action. The provisions of the Administrative Code mandate annual inspections, the limiting of pressure, certification of such limited pressure, and provides for intervention, seizure and control of unsafe boilers and their attachments.
A steam boiler, improperly constructed, inspected or controlled, is an inherently dangerous mechanism and could, as in the instant case, become a lethal instrument.
The argument urged by the defendants that the statute merely sets forth a governmental duty which does not enure to the benefit of the individuals lawfully occupying the premises would be, in effect, a straining of the obvious purposes and meaning of the statute. The Administrative Code imposes a duty upon the city, and failure to fulfill such duty gives rise to a cause of action for those lawfully using the building. Accordingly, the motion to dismiss is denied.