■ ANNA P. WHITNEY, as Executrix of EMILY WHITNEY, Deceased, Respondent, v. CITY OF NEW YORK et al., Defendants. CITY OF NEW YORK,

Fourth-Party Plaintiff-Appellant, v. NEW YORK TELEPHONE COMPANY, Fourth-Party Defendant-Appellant.— Order entered on March 11, 1966, unanimously reversed, on the law and the facts, and the motion to dismiss the complaint is granted, with $50 costs and disbursements to appellants. The motion to dismiss the fourth-party complaint is also granted, without costs or disbursements. The plaintiff-executrix in this case seeks to hold the city responsible for the death of her decedent. The death was caused by the explosion of a boiler located in a building of the New York Telephone Company which, in this action, is designated as the fourth-party defendant. The theory of the action against the city is that it was negligent in failing to conduct inspections of the boiler as required by the Administrative Code of the City of New York (§§ B26–1.0 — B26–4.0). The New York Telephone Company moved to dismiss the complaint against the city, and also the city's fourth-party complaint as against it. This motion was joined in by the city. Special Term denied the motion and both the Telephone Company and the city appeal. We conclude that the motion should have been granted. As indicated, plaintiff seeks to impose liability on the city, merely because the city failed to carry out a statutory function. Unless it can be said that the statute was enacted for the benefit of an individual, no liability may be imposed for failure to carry out the statutory function. The case of *Motyka* v. *City of Amsterdam* (15 N Y 2d 134) recently decided by the Court of Appeals is quite similar to the one we are now considering. The court in that case held the city, there involved, free from liability, reaffirming the long standing doctrine enunciated in the case of *Steitz* v. *City of Beacon* (295 N. Y. 51) wherein it was held that the mere failure to perform a statutory government function, does not alone lead to liability in tort. We conclude that the sections of the Administrative Code providing for boiler inspections by the city do not create a direct duty running to an individual, but rather are for the benefit of the common good. Accordingly, the city's failure here to carry out the requirements of the sections involved does not create liability. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Stevens and Steuer, JJ. [49 Misc 2d 901.]