Morris E. Spector, J.
This is an application for the appointment of a temporary receiver or for alternative relief pending the dissolution and accounting of the delicatessen business of the parties. The defendant cross-moves to dismiss the complaint upon grounds of lack of personal jurisdiction; the complaint fails to state a cause of action, and upon a defense based upon documéntary evidence, to wit: a written partnership agreement.
The parties have been partners for some 38 years, at the same location, and executed their present partnership agreement in 1959. The agreement contains no provision for duration other than a statement that it "shall continue until such time as it is terminated by the mutual consent of the partners hereto, in writing, or by the death of any of the partners.” The plaintiff is 67 years of age and seeks to retire and move to Florida following a voluntary dissolution and accounting. The defendant has refused to accept plaintiff’s retirement contending, essentially, that the partnership agreement makes no *118 provision for such and therefore any withdrawal by the plaintiff constitutes a breach. The instant suit has resulted.
A threshold issue arises whether personal jurisdiction has been acquired over the defendant. The court notes from the copy of the affidavit of the process server that service at defendant’s home was attempted at various times and that ultimately service was effected by posting on defendant’s door and mailing a copy of the summons to him. The defendant has failed to submit any detailed facts sufficient to refute the representations of the process server of his attempts to effect service or to show that he never received a copy of the summons by mail. Indeed, defendant’s timely appearance in the action, knowledgeable opposition and failure to show any prejudice do not justify his contention of lack of jurisdiction.
With respect to the sufficiency of the complaint, viewing it in its narrowest rather than most liberal intendment, other than the omission of express words such as that the defendant "refused” to dissolve the partnership, a fair reading infers such intendment, and when read into the complaint clearly establishes the cause of action sought.
The law is clear that a provision to terminate a contract by mutual consent is merely a contract at will and not for a definite duration (Conrad v Golden, 275 App Div 946; Malmeth v Schneider, 18 AD2d 1030). No one can be forced to continue as a partner against his will and the plaintiff should not be subject to all the liabilities which could be imposed upon him by the defendant who refuses to recognize the plaintiff’s option to purchase his interest (Napoli v Domnitch, 18 AD2d 707, affd 14 NY2d 508). The appointment of a receiver is warranted if there is danger, pending final dissolution, that the business property will be removed from the State, or lost or materially injured or destroyed (CPLR 6401, subd [a]). The plaintiff has not made such a showing.
Upon all of the foregoing, the application for appointment of a receiver is granted in the alternative, and the cross motion is denied in all respects. The defendant will be permitted to continue the partnership business during the pendency of the action upon his executing and filing with the clerk of the court within 10 days after entry of the order hereon, a surety undertaking in an amount to be fixed by the court therein, conditioned upon obedience to all order and the judgment of the court in this action. (Partnership Law, § 75; Tankleff v Klein, 66 NYS 2d 81.) The defendant is further *119 directed to keep an accurate, permanent record of all sales and purchases, income, payments and disbursements in the usual course of business. The defendant will also maintain a separate bank account for the partnership business and shall not draw or retain any moneys for his personal use without the order of the court.
Upon settlement of the order herein, the parties will suggest the amount of undertaking to be furnished by the defendant and the amount which the remaining partner shall be entitled to draw from the partnership pendente lite (Tannenbaum v Rosenbaum, 141 NYS2d 708). The order shall also provide that the case be preferred and placed on the calendar for trial within 10 days after joinder of issue and upon payment of calendar fees (Tankleff v Klein, supra).