■ Cosmo Serrone, Jr., Appellant, v Lucille Serrone, Respondent.— In a matrimonial action, plaintiff appeals from so much of a judgment of the Supreme Court, Kings County, entered September 12, 1974, after a nonjury trial, as, *inter alia,* (1) dismissed his action for divorce, (2) granted defendant a separation on her counterclaim on the grounds of abandonment and nonsupport, (3) granted defendant's counterclaim for necessary expenses incurred by her in the amount of $1,000 and (4) awarded defendant alimony in the amount of $40 per week. Judgment modified, on the facts, by reducing the award of alimony to $30 per week. As so modified, judgment affirmed, without costs. In our opinion the alimony award was excessive to the extent indicated herein. Hopkins, Acting P. J., Latham, Christ, Brennan and Shapiro, JJ., concur.

■ Sherwin Williams Company, Respondent, v City of Port Jervis, Appellant, et al., Defendant.—In an action, *inter alia,* to recover damages against a city for certain actions taken by it with respect to a building which had collapsed, the city appeals from an order of the Supreme Court, Orange County, entered July 29, 1974, which denied its motion to dismiss the complaint for failure to state a cause of action or for summary judg-ment. Order reversed, on the law, with $20 costs and disbursements, and motion granted insofar as it seeks summary judgment in favor of the city. The liability of the city is sought to be predicated upon its failure to enforce certain provisions of the City Code of the City of Port Jervis. Absent situations involving knowledge and forseeability of a dangerous condition, not present here, it has been consistently held that there can be no municipal liability for the failure to perform a general protective govern-mental function *(Smullen v City of New York,* 28 NY2d 66, 70 and cases cited therein; cf. *Whitney v City of New York,* 27 AD2d 528). Hopkins, Acting P. J., Latham, Christ, Brennan and Shapiro, JJ., concur.

■ Blanche Tambrino, Respondent, v Paul Tambrino et al., Defend-ants; Richard Phillips, Appellant.—In an action, *inter alia,* to declare the nullity of a purported marriage between plaintiff and appellant, Richard Phillips, the appeal is from a judgment of the Supreme Court, Suffolk County, entered July 10, 1974, which, after a nonjury trial, declared, *inter alia,* that plaintiff is not and has at no time been the lawful wife of appellant. Appeal dismissed, without costs. The appeal has not been per-fected in accordance with the rules of this court. Were we not dismissing the appeal, we would affirm the judgment sought to be reviewed. Rabin, Acting P. J., Martuscello, Cohalan, Brennan and Munder, JJ., concur.