■ SANTO DE MARTINO et al., Appellants, v ALFRED PENSAVALLE, Respondent.—In an action, *inter alia,* to dissolve a partnership and for an accounting, plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County, dated June 17, 1976, as denied their motion for an "interlocutory decree requiring defendant to file a formal accounting". Order reversed insofar as appealed from, with $50 costs and disbursements, and plaintiffs' motion granted. Defendant shall serve and file the required accounting within 30 days after entry of the order to be made hereon, and plaintiffs shall serve and file their objections thereto within 10 days thereafter. Since a partnership between the parties has been judicially established, the plaintiffs are entitled to an accounting. A partnership may be dissolved at any time by any partner (Partnership Law, § 62; *Napoli v Domnitch,* 18 AD2d 707, affd 14 NY2d 508). Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.

■ CATHERINE DI PIPPI, as Executrix of LOUIS DI PIPPI, Deceased, Appellant, v CITY OF PORT JERVIS et al., Respondents, et al., Defendants. (And 10 Other Actions.)—In multiple actions, *inter alia,* to recover damages for personal injuries and wrongful death, plaintiffs appeal, as limited by their notices of appeal and brief, from so much of two judgments of the Supreme Court, Orange County, entered November 26, 1975 and December 15, 1975, respectively, as is in favor of defendants City of Port Jervis and Jack Hartford and against them, upon the trial court's dismissal of the complaints against the said defendants at the close of the plaintiffs' cases, at a jury trial. Judgments affirmed insofar as appealed from, with costs. The circumstances do not show a special duty between the City of Port Jervis or its building official, Hartford, to the plaintiffs, who were in a nearby diner when the building herein involved collapsed (see *Motyka v City of Amsterdam,* 15 NY2d 134; *Whitney v City of New York,* 27 AD2d 528; *Stranger v New York State Elec. & Gas Corp.,* 25 AD2d 169; *Sherwin Williams Co. v City of Port Jervis,* 48 AD2d 711). Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.

■ EARL J. EDWARDS et al., Respondents, v EARL G. NELSON, Inc., Also Known as EARL J. EDWARDS ASSOCIATES, INC., et al., Defendants, and GERALD CANNIZARRO et al., Appellants.—In an action, *inter alia,* to recover damages for fraud and to set aside certain conveyances as being fraudulent, the defendants Cannizarro appeal from an order of the Supreme Court, Dutchess County, dated April 1, 1976, which denied their motion for summary judgment dismissing the complaint as against them. Order reversed, on the law, with $50 costs and disbursements, and motion granted. The proof submitted on this motion for summary judgment conclusively establishes that the conveyance to appellants was for fair consideration, was not fraudulent and did not involve any negligence on appellants' part. Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.