■ SIDNEY R. THALER, Respondent, v NORTH RIVER INSURANCE COMPANY, Appellant, et al., Defendants.—Order, Supreme Court, New York County, entered November 3, 1977, which denied a motion by defendant for summary judgment dismissing the first and third causes of action is unanimously modified, on the law, so as to dismiss the third cause of action and is otherwise affirmed, without costs and without disbursements. Plaintiff seeks to recover of the defendant insurer on the first cause of action, the amount of loss allegedly sustained in a burglary. As a third cause of action, plaintiff seeks compensatory and punitive damages claiming that defendant wrongfully breached its obligation to act in good faith in that it delayed settlement of plaintiffs' claim and failed to pay plaintiff money due under the policy causing him to incur legal fees and other expenses. We note that at this point defendants' appeal only attacks the validity of the ruling on the third cause of action and thereby removes the first cause of action from our consideration. This court recently in *John C. Supermarket Inc. v New York Prop. Ins. Underwriting Assn.* (60 AD2d 807), held that "Mere allegations of a breach of a contract of insurance by the insurer committed willfully and without justification does not authorize a recovery of punitive damages *(Diamond v Mutual Life Ins. Co. of N. Y.,* 77 Misc 2d 528). The Court of Appeals upheld a cause of action for punitive damages in a fraud and deceit action, where the fraud was on the general public involving a high degree of moral turpitude and such wanton dishonesty as to imply a criminal indifference to civil obligations *(Walker v Sheldon,* 10 NY2d 401)." The Court of Appeals in *Garrity v Lyle Stuart, Inc.* (40 NY2d 354, 358), restated the general principle that "It has always been held that punitive damages are not available for mere breach of contract, for in such case only a private wrong, and not a public right, is involved". Even in cases of fraud, punitive damages may be recovered only "where the fraud, aimed at the public generally, is gross and involves high moral culpability" *(Walker v Sheldon,* 10 NY2d 401, 405). In essence, then, the violation of a public right or malicious violation of a private right must be shown in order for punitive damages to be awarded. Plaintiff by his verified complaint under the first and third causes of action (the third cause incorporating the allegations of paragraphs 1 through 10 of the first cause) fails to establish those elements requisite to an award of punitive damages, and accordingly the third cause of action should be dismissed. Moreover, no separate cause of action lies for punitive damages. *(M. S. R. Assoc. v Consolidated Mut. Ins. Co.,* 58 AD2d 858; cf. 14 NY Jur [rev], Damages, § 187.) Concur—Lupiano, J. P., Birns, Silverman, Evans and Sandler, JJ.