■ J. G. S., Inc., Appellant, v Lifetime Cutlery Corp. et al., Respondents. — In an action, *inter alia,* to recover damages for breach of contract, plaintiff appeals from an order of the Supreme Court, Kings County (Leone, J.), dated March 16, 1981, which, *inter alia,* granted defendants' motion to dismiss plaintiff's second, third and fifth causes of action. Order modified, on the law, so as to dismiss the second and third causes of action only insofar as they seek punitive damages. As so modified, order affirmed, without costs or disbursements. Defendants agreed to sell 1,232 sets of lucite flatware to plaintiff for $24,480. The goods were to be delivered in three separate shipments. Plaintiff was to issue a letter of credit for $24,480, payable in three installments of $8,160 each. Plaintiff claims that although it paid the full contract price, only two shipments were actually made and that the shipments were six and one-half sets short of the required number. In addition, plaintiff claims that defendants requested payment for the third shipment before it was due and that defendants did so with the intent of not making the third shipment even though they reaffirmed their promise to do so. Based on these facts, plaintiff commenced this lawsuit for breach of contract (first cause of action), fraud (second and third causes of action), conversion (fourth cause of action), prima facie tort (fifth cause of action) and breach of warranty (sixth cause of action). In addition to actual damages, plaintiff's second and third causes of action asserted claims for punitive damages. The fifth cause of action demanded punitive damages alone. Plaintiff's claims for punitive damages are without merit. Punitive damages are recoverable in fraud and deceit cases when (a) the fraud is gross, involves high moral culpability and is aimed at the public generally, or (b) the defendant's conduct evinces a high degree of moral turpitude and demonstrates such wanton dishonesty as to imply criminal indifference to civil obligations. (*Walker v Sheldon,* 10 NY2d 401, 405; *Thaler v North Riv. Ins. Co.,* 63 AD2d 921.) This lawsuit arises from a private transaction and does not involve any allegations that defendants' alleged fraudulent and deceitful behavior was directed toward the public generally. Therefore, plaintiff's claims for punitive damages are not justified on the basis that a public fraud is involved. (See *Halpin v Prudential Ins. Co. of Amer.,* 48 NY2d 906; *Sanfilippo v Metropolitan Life Ins. Co.,* 74 AD2d 600.) Nor does this lawsuit involve allegations of such a high degree of moral turpitude on the part of defendants as to imply criminal indifference to civil obligations. Allegations of breach of a private agreement, even a breach committed willfully and without justification, do not establish such willful fraud or other morally culpable behavior to a degree sufficient to justify recovery of punitive damages. (*Catalogue Serv. of Westchester v Insurance Co. of North Amer.,* 74 AD2d 837; *Thaler v North Riv. Ins. Co., supra.*) Accordingly, Special Term properly dismissed the punitive damages claims. However, the second and third causes of action also seek damages for fraud and to that extent they should not have been dismissed. Weinstein, J. P., Thompson, Bracken and Brown, JJ., concur.