■ RICHARD E. SHANDELL, Appellant, v MANUEL KATZ et al., Respondents. RICHARD E. SHANDELL, Appellant, v CHEMICAL BANK et al., Respondents. — Order of Supreme Court, New York County (Stanley Parness, J.), entered October 6, 1982, denying plaintiff's motion for an order appointing a receiver, *pendente lite,* striking the affirmative defenses and counterclaims and for partial summary judgment declaring that plaintiff is entitled to an accounting, unanimously modified, on the law, without costs or disbursements, to grant plaintiff partial summary judgment to the extent of directing an accounting, to strike all the affirmative defenses, and to dismiss the counterclaims and, except as thus modified, affirmed. Order, Supreme Court, New York County (Donald Sullivan, J.), entered July 1, 1982, which granted defendants' motion to quash a subpoena duces tecum, suppressed all documents already received by plaintiff from codefendant Chemical Bank and directed their return, and granted a protective order to the extent of vacating a notice of deposition of Chemical Bank, unanimously modified, on the law, and on the facts and in the exercise of discretion, without costs or disbursements, to the extent of denying the motion with respect to the suppression and return of all documents already received by plaintiff from Chemical Bank and, except as thus modified, affirmed. From 1972 until September 14, 1981 plaintiff and defendants practiced law as a partnership under the firm name of Katz, Shandell, Katz and Erasmous. The partnership agreements were both oral and written and specified no definite time for the partnership duration. On the latter date, September 14, 1981, plaintiff gave notice that he was withdrawing from and dissolving the partnership. Plaintiff's offer to participate in an orderly winding up of the partnership affairs was apparently rejected. Thereafter, plaintiff alleges, and it is not denied, the office locks were changed, plaintiff was denied access to the partnership books and records, the partnership bank accounts were closed, and the moneys on account deposited in newly opened accounts in the successor firm name, Katz, Katz and Erasmous. Plaintiff also alleges that defendants fraudulently designated Katz, Katz and Erasmous as the attorneys of record on pending partnership cases, thereby causing settlement checks to be made out to its order instead of the order of the partnership; signed plaintiff's name to checks made payable to the partnership and deposited the proceeds into the new partnership accounts; breached agreements regarding the application of certain partnership income to partnership debts; failed to pay partnership taxes, with the result that a $38,001 judgment was entered

against plaintiff personally on June 15, 1982; and refused to account to plaintiff as to partnership assets and income. Plaintiff estimates, and it is not denied, that defendants have, since the dissolution, received more than $4,500,000 in partnership fees which they have deposited into Katz, Katz and Erasmous accounts. A partnership may be dissolved at any time by any partner and, upon dissolution, any partner is entitled to an accounting. (*De Martino v Pensavalle,* 56 AD2d 589.) Indeed, the only manner in which a partnership can be wound up is through an accounting. (*Toeg v Margolies,* 280 App Div 319, 321, apps dsmd 305 NY 568.) Furthermore, since the partnership agreement did not state any definite term of duration the partnership was one at will. (*Malmeth v Schneider,* 18 AD2d 1030.) Moreover, a verbal agreement cannot fix a definite term of more than one year for the continuance of a partnership. (*Wahl v Barnum,* 116 NY 87, 97.) Thus, at the least, plaintiff is entitled to an accounting now. Since a partnership at will can be dissolved "on a moment's notice" (*Bayer v Bayer,* 215 App Div 454, 471), defendants' third, fourth and fifth affirmative defenses based on abandonment are without merit and are stricken. Nor is there any merit to the first and second affirmative defenses. The complaint does state a cause of action and plaintiff has demonstrated that Manuel and Herbert Katz were properly served. Service upon a partner constitutes service upon the partnership. (CPLR 310.) Equally without merit are the first and second counterclaims, which allege breach of contract premised on plaintiff's abandonment of the partnership. These counterclaims are dismissed. In addition, the third counterclaim, which seeks punitive damages, should be dismissed since all of defendants' other counterclaims have been dismissed and a separate cause of action for punitive damages does not lie. (*Thaler v North Riv. Ins. Co.,* 63 AD2d 921; *Kallman v Wolf Corp.,* 25 AD2d 506.) While plaintiff is entitled to an accounting he has not established his right to the appointment of a receiver *pendente lite.* Although his allegations are serious and defendants seem to be content to deny only that they "embezzled" any money or "forged" plaintiff's signature, plaintiff has not demonstrated the existence of any danger that any partnership property "will be removed from the state, or lost, materially injured or destroyed" (CPLR 6401, subd [a]). The accounting should suffice to protect plaintiff's interests. He may, of course, apply in the Trial Part, where appropriate, for a lien under the Judiciary Law. Finally, while Special Term, in its order of July 1, 1981, properly denied plaintiff any discovery with respect to the books and records of defendants' depository, Chemical Bank, since plaintiff had not yet demonstrated his right to an accounting, there was no need to suppress those documents which the bank had already furnished to him. Our modification of that order to allow plaintiff the use of those documents is without prejudice to any further proceedings by plaintiff to obtain other records of Chemical Bank relevant to this proceeding. Concur — Murphy, P. J., Sullivan, Silverman and Kassal, JJ.