■ NORMAN ZAUBLER, by LELAND S. ZAUBLER, as Attorney-In-Fact, Respondent, v JOHN R. PICONE, Appellant, and LELAND S. ZAUBLER, Additional Defendant-Respondent.—In an action, *inter alia,* for dissolution of a partnership, defendant Picone appeals from (1) an order of the Supreme Court, Westchester County (Delaney, J.), entered October 10, 1984, which, *inter alia,* granted plaintiff's motion for partial summary judgment and (2) a judgment of the same court dated October 24, 1984, which, *inter alia,* dissolved the partnership, directed an accounting and provided that appellant furnish an undertaking in the amount of $200,000.

Appeal from the order dismissed (*see, Matter of Aho,* 39 NY2d 241, 248).

Judgment modified, by deleting therefrom the seventh decretal paragraph. As so modified, judgment affirmed, and mat-

ter remitted to the Supreme Court, Westchester County, for a hearing to determine the amount of any undertaking to be furnished by appellant.

Plaintiff is awarded one bill of costs, payable by appellant.

Upon this record, we are unable to determine the basis upon which the Supreme Court arrived at the sum of $200,000 which it fixed as the amount of the undertaking pursuant to Partnership Law § 75. Accordingly, the judgment has been modified to the extent indicated and the matter is remitted to Special Term for a hearing on this issue, at which time the "suggestions" of the parties and other relevant evidence may be considered and a new determination, regarding the amount of any undertaking, rendered (see, Tankleff v Klein, 66 NYS2d 81, 82; Netburn v Fischman, 81 Misc 2d 117).

We have reviewed appellant's remaining contentions and find them to be without merit. In an earlier appeal involving the same parties, this court stated (Zaubler v Picone, 100 AD2d 620, 621): "it is clear that a partner's attorney in fact is authorized, absent any indication to the contrary, to institute an action in the name of his principal to dissolve a partnership."

The intentions of the principal, as manifested by his testimony at an examination before trial, read as a whole, as well as his letters and his actions, indicate that he is not opposed to the dissolution by his attorney-in-fact of his partnership with appellant. Therefore, it was proper to grant partial summary judgment, order dissolution, and direct an accounting. Mollen, P. J., Lazer, Mangano and Gibbons, JJ., concur.