(February 16, 1989)

■ CHARLES WALD, Respondent, v MORRIS HEIGHTS LIMITED PARTNERSHIP et al., Appellants.—Order of the Supreme Court, New York County (David H. Edwards, J.), entered May 25, 1988, which, inter alia, granted plaintiff's motion for summary judgment as to liability on his first cause of action, unanimously modified, on the law, to the extent of dismissing plaintiff's claim for punitive damages, and except as so modified, affirmed, without costs.

Plaintiff sold certain real property to defendant. In the contract of sale is was agreed that defendant would turn over to plaintiff rents and section 8 payments owing at the time of the closing. In his first cause of action plaintiff seeks damages for defendant's breach of this agreement. It is alleged that past-due rentals owing at the time of the closing were collected by defendant and that defendant failed to remit to the plaintiff the amounts to which he was entitled under the agreement. Defendants have admitted that rentals past due at the time of the closing were in fact collected by them and have entirely failed to controvert plaintiff's claim that no portion of these proceeds was turned over to the plaintiff. This

being the case, the motion court's grant of summary judgment as to liability on plaintiff's first cause was entirely proper.

We modify only to the extent of dismissing that part of plaintiff's first cause of action asserting a claim for punitive damages. We see no basis for an award of punitive damages in what is basically a routine breach of contract action between private parties. *(See, e.g., Halpin v Prudential Ins. Co.,* 48 NY2d 906; *J. G. S., Inc. v Lifetime Cutlery Corp.,* 87 AD2d 810; *Sanfilippo v Metropolitan Life Ins. Co.,* 74 AD2d 600.) Concur—Murphy, P. J., Asch, Milonas, Ellerin and Wallach, JJ.