■ SHANKER PATEL, Respondent, v RAMAN PATEL, Appellant. [596 NYS2d 30] —Judgment, Supreme Court, New York County (Edward Greenfield, J.), entered December 5, 1991, which, *inter alia,* granted plaintiff's motion for summary judgment declaring him to be a partner of defendant in the operation of a newsstand at the 14th Street/Union Square subway station, and directing an accounting, unanimously reversed, on the law, and the matter is remanded for further proceedings, without costs.

This litigation involves a newsstand leased by the Metropolitan Transportation Authority to Ancorp National Services, Inc., and subleased on October 9, 1981 to defendant, Raman Patel, for a period of ten years. The sublease does not contain the name of plaintiff, Shanker Patel, and there is no written partnership agreement to support plaintiff's claim that he and defendant entered into a partnership to operate the subject newsstand. The existence of a "business certificate for partners" signed by defendant, however, is some evidence of a partnership. In addition, the record establishes that Federal partnership income tax returns were jointly filed in certain years by plaintiff and defendant, and that plaintiff made various rental payments to Ancorp National Services, Inc.

Nevertheless, the documentary evidence is insufficient to establish, as a matter of law, the existence of a partnership and, given the factual dispute between the parties on this issue, the grant of summary judgment to plaintiff involved impermissible issue determination, rather than issue finding *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d

395). In this context, we note that a partnership may be dissolved at any time by any partner *(Shandell v Katz,* 95 AD2d 742, 743) and that, while documents contained in the record may offer some evidence with respect to certain periods, they are not dispositive of all periods. Concur—Milonas, J. P., Rosenberger, Kupferman, Asch and Kassal, JJ.