■ JOHN Q. McQUILLAN, Appellant-Respondent, v KENYON & KENYON et al., Respondents-Appellants. [631 NYS2d 884] —In an action, inter alia, to recover damages caused by the dissolution of a partnership, (1) the plaintiff appeals, as limited by his brief, from stated portions of (a) an order of the Supreme Court, Westchester County (Rosato, J.), entered September 20, 1993, which, inter alia, denied his cross motion to add a cause of ac-

tion to recover damages based on a claim of wrongful dissolution, and (b) an order of the same court, entered August 12, 1994, which, *inter alia,* denied his motion for leave to renew, and (2) the defendants cross-appeal, as limited by their brief, from stated portions of an order of the same court, entered March 25, 1994, which, *inter alia,* upon granting the plaintiff's motion for reargument, vacated so much of the order entered September 20, 1993, as denied the plaintiff's cross motion to add a cause of action to recover damages based on a claim of wrongful dissolution and granted the plaintiff's cross motion to add that cause of action.

Ordered that the order entered September 20, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered August 12, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered March 25, 1994, is modified by deleting the provision thereof which, upon reargument, vacated so much of the order entered September 20, 1993, as denied the plaintiff's cross motion to add a cause of action to recover damages based on a claim of wrongful dissolution and granted the plaintiff's cross motion to add that cause of action, and substituting therefor a provision adhering to so much of the order entered September 20, 1993, as denied that cross motion; as so modified, the order entered March 25, 1994, is affirmed insofar as cross-appealed from; and it is further,

Ordered that the defendants are awarded one bill of costs.

"It is well settled that leave to amend or supplement pleadings should be freely granted, unless the amendment sought is palpably improper or insufficient as a matter of law" *(Nissenbaum v Ferazzoli,* 171 AD2d 654, 655; *see,* CPLR 3025 [b]). The plaintiff moved to amend his complaint to add a cause of action to recover damages based on a claim of wrongful dissolution of the defendant firm. However, the defendant Kenyon & Kenyon was a partnership at will. Therefore, the partnership could have been dissolved at any time without breaching the partnership agreement *(see,* Partnership Law § 62; *De Martino v Pensavalle,* 56 AD2d 589; *Malmeth v Schneider,* 18 AD2d 1030). Thus, the plaintiff's sole remedy against the defendants was for an accounting, not damages *(see, Napoli v Domnitch,* 18 AD2d 707).

The parties' remaining contentions are without merit. O'Brien, J. P., Joy, Goldstein and Florio, JJ., concur.