■ 220-52 ASSOCIATES et al., Appellants, v JERRY EDELMAN, Respondent. [659 NYS2d 885] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered December 11, 1995, holding the motion and cross-motion for summary judgment in abeyance in this consolidated action for an accounting and for involuntary dissolution of the partnership, and directing discovery, unanimously modified, to the extent of granting summary judgment to plaintiff declaring that he has a right to an accounting, and declaring that the partnership has been dissolved, and otherwise affirmed, without costs.

Order of the same court and Justice, entered on or about October 31, 1995, *inter alia*, denying plaintiff's discovery request to depose non-party witness "The Card Rack", by its principal, Brian DeMars, unanimously modified, to the extent of authorizing said deposition, and otherwise affirmed, without costs.

Appeal from order of the same court and Justice entered February 13, 1996, unanimously dismissed, without costs.

Order of the same court and Justice entered February 22, 1996, denying plaintiff's request for further depositions of non-party witnesses Berger and Segal, unanimously affirmed, without costs.

In this consolidated action, in which plaintiff seeks an accounting and injunctive relief, and defendant seeks an involuntary dissolution of the partnership, the parties dispute their respective equity interests in the partnership and whether defendant has been improperly diverting partnership proceeds to himself in excess of his equity interest. The partnership owns and manages the real property located at 220 East 52nd Street in Manhattan. Plaintiff contends that he has a 90% equity interest in the partnership, and has allowed 90% of the income stream to go to defendant, plaintiff's son, without, however, ever gifting to his son any equitable interest commensurate with this income allocation. Defendant also claims a 90% equity interest in the partnership.

During the course of this action, plaintiff sought, *inter alia*, disclosure of certain of defendant's financial records, and to depose William Segal, the partnership's accountant, in order to establish the respective draws on partnership assets, distinguish between the respective equity interests and income interests of the parties, and expose potential defalcations by defendant. Plaintiff also sought to depose Edward Berger, the partnership attorney from 1979 to 1991, and sought production of documents purportedly in his possession relating to partnership funds, to establish the original equity interests of the partnership, as well as to establish that cash contributions over the years were made exclusively by plaintiff rather than defendant. Plaintiff also claimed that defendant diverted tenants' rent moneys to himself, for which reason plaintiff sought to depose certain tenants in this regard. Defendant raised counterclaims in the action for an accounting, asserting that plaintiff misappropriated and converted partnership funds. The parties also disputed the allegedly disruptive conduct of the respective attorneys during plaintiff's deposition of defendant.

Defendant moved for summary judgment for judicial dissolution of the partnership pursuant to Partnership Law § 63, and plaintiff cross-moved for summary judgment establishing the right to an accounting. Four orders followed.

By decision and order entered December 11, 1995, the court held the motion and cross-motion for summary judgment in abeyance pending completion of discovery, and entered directives relating to discovery. However, such disposition was er-

roneous because an at-will partnership "may be dissolved at any time by any partner and, upon dissolution, any partner is entitled to an accounting" (*Shandell v Katz*, 95 AD2d 742, 743) without breaching the partnership agreement (*McQuillan v Kenyon & Kenyon*, 220 AD2d 395, *lv dismissed* 88 NY2d 1064). Plaintiff's service of his May 11, 1995 notice of his election to dissolve the at-will partnership, demanding that the winding up of partnership affairs commence immediately (Partnership Law §§ 61, 68), accomplished the dissolution of the partnership (Partnership Law § 62 [1] [b]; *Dunay v Ladenburg, Thalmann & Co.*, 170 AD2d 335, *lv denied* 78 NY2d 851). Hence, defendant's action for a judicial dissolution (defendant having instituted the action for an involuntary dissolution) was rendered academic. We therefore modify the order to declare that the partnership was dissolved as of the date of the service of the notice.

Upon notice of dissolution and the demand for an accounting, any partner has a right to an immediate accounting (*Shandell v Katz, supra*) as of the date of dissolution (Partnership Law § 74), which, at this juncture, would be such partner's sole remedy (*McQuillan v Kenyon & Kenyon, supra*). Insofar as plaintiff in his complaint alleged demand and a failure to account, he has established a right to an accounting (*Shandell v Katz, supra*). Accordingly, we also modify the order to the extent of granting plaintiff's motion for summary judgment, declaring plaintiff's right to an accounting and striking defendant's affirmative defenses as to that claim (*Shandell v Katz, supra*). The remainder of the order, directing discovery and depositions, is not challenged.

By order entered on or about October 31, 1995, the court directed that the deposition of defendant would continue under the supervision of a Judicial Hearing Officer, and limited the scope of that deposition to the parameters set forth in the prior order, but allowed questioning of defendant regarding alleged financial improprieties involving partnership business; these also are not challenged. However, that order also denied plaintiff's request to depose a tenant, The Card Rack (by its principal, Brian DeMars), on the ground that the information sought did not concern ownership rights, but related only to the accounting. Since an accounting is in order, we also modify this order to the extent of allowing plaintiff to depose this non-party witness (*see, Brady v Ottaway Newspapers*, 63 NY2d 1031 [Appellate Division may exercise its own discretion, without finding abuse of discretion by the IAS Court, in evaluating discovery against non-party]). The evidence sought

is material and relevant to the accounting action. It is unlikely that evidence of defendant's alleged self-dealing would be revealed solely in the partnership's records, and this situation presents a sufficiently special circumstance warranting the depositions against the non-party witness (*Dioguardi v St. John's Riverside Hosp.*, 144 AD2d 333, 334).

The appeal from the order entered February 13, 1996 is dismissed. The order memorialized a directive made by telephone, rather than a decision made on a motion on notice, and, therefore, is not appealable as of right (CPLR 5701 [a] [2]; *Cohalan v Johnson Elec. Constr. Corp.*, 105 AD2d 770). We decline to grant leave to appeal herewith. Plaintiff's better course would be to make a formal motion on notice to vacate or modify the order or particular provisions of it and, if the motion is denied, to then appeal that order (*supra*).

By order entered February 22, 1996, the court denied plaintiff's request for further depositions of non-party witnesses Berger and Segal. We find no basis to disturb this discretionary ruling at the present juncture. Plaintiff's better course would be to seek additional relief in this regard, as the need arises, before the IAS Court.

We have considered the plaintiff's remaining contentions and find no basis to disturb the other discovery rulings of the IAS Court. Concur—Sullivan, J. P., Ellerin, Tom and Andrias, JJ.