220-52 ASSOCIATES, Plaintiff, and UNI EDELMAN, as Temporary Executrix of EDWARD EDELMAN, Deceased, Respondent-Appellant, v JERRY EDELMAN, Appellant-Respondent. [797 NYS2d 39]—

Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered June 13, 2003, which, inter alia, granted plaintiff's objections, denying defendant medical insurance coverage and awarding the parties equal shares of partnership income, bringing up for review an order, same court and Justice, entered on or about July 19, 2001, which confirmed the report of the Special Referee, and order, same court and Justice, entered March 25, 2002, which, inter alia, equally distributed excess partnership shares subject to surcharges against plaintiff in the amount of $268,819 and against defendant in the amount of $31,831, unanimously modified, on the law, to the extent of vacating so much of the judgment as provided for the equal distribution of partnership

income with a corresponding tax adjustment, and remanding the matter to Supreme Court for further proceedings, and otherwise affirmed, without costs.

Plaintiff 220-52 Associates is a partnership established in 1979, in which defendant Jerry Edelman held a 50% interest. In 1980, plaintiff Edward Edelman,[1] Jerry's father, purchased the other half interest. The partnership's principal asset is a 29-unit, rent-stabilized apartment building located at 220 East 52nd Street in Manhattan.

It is undisputed that since 1980, when Edward joined the partnership, Jerry has received 90% of its income. Pursuant to an oral agreement between father and son, Edward operated the partnership and had custody of its books and records until 1992, when Jerry took over its operation. Edward commenced this action in 1993, claiming that Jerry had taken control of the partnership in violation of an agreement to manage the premises jointly.[2] On May 11, 1995, Edward served Jerry with a notice of election to dissolve the partnership.

On a previous appeal, this Court held that service of the notice of dissolution and demand for accounting effected the immediate dissolution of the partnership and established Edward's right to an accounting (241 AD2d 365, 367 [1997]). On a second appeal, we affirmed a decision after trial concluding that, pursuant to Partnership Law § 40, the parties each held an equal interest in the partnership's equity (253 AD2d 352 [1998], *lv dismissed* 92 NY2d 1026 [1998]).

On this appeal, the parties take issue with the results of the accounting and the judgment entered thereon. Jerry maintains that Supreme Court improperly reduced his share of the partnership income to 50%, in violation of an agreement to apportion the profits 90%-10%. He also disputes the finding that he failed to establish his entitlement to payment of health insurance premiums by the partnership. Edward disputes certain surcharges assessed against him with respect to the proceeds of a loan and a number of investments made under his stewardship.

The Special Referee improperly applied the law of the case doctrine in concluding that partnership income must be apportioned equally. This Court decided only that the parties held an equal *equity* interest pursuant to Partnership Law § 40; the

---

1. During the pendency of this appeal, Edward died and his estate has been substituted as plaintiff.

2. A separate action commenced by Jerry in Westchester County, seeking dissolution of the partnership and an appraisal of the partners' respective interests, was consolidated with the New York County action.

Special Referee was confronted with the distinct issue of whether the unequal division of *income* was the result of an agreement between the partners. While partnership documents make it clear that 90% of income was actually distributed to Jerry, the record does not establish that this distribution was made pursuant to any agreement between the partners. Since the Referee made no findings with respect to this question, the matter must be remanded to Supreme Court for the necessary factual determination. We note that there is no merit to Edward's contention that such an agreement would have violated the statute of frauds (*see Prince v O'Brien*, 234 AD2d 12 [1996] [agreement to form partnership for indefinite period creates at-will partnership]). Nor does the actual distribution of profits violate a stipulation entered into between the parties; the stipulation was merely an interim agreement pending a hearing on an application for a preliminary injunction and is not dispositive. Finally, observations in dictum that Edward acquiesced in the payment of 90% of the income to Jerry are neither tantamount to a finding that such payments were made pursuant to a formal agreement nor binding on this Court (*see Liddle, Robinson & Shoemaker v Shoemaker*, 309 AD2d 688, 691 [2003]).

We find no basis to disturb Supreme Court's rulings as to Jerry's nonentitlement to insurance coverage or the surcharges assessed against Edward. As the Special Referee noted, Jerry's contention that the partnership paid for his family's insurance coverage prior to his assuming control is not supported by any documentary evidence, and he provided no authorization for premium payments made after he assumed control. Likewise, the purpose of investments made by Edward, Jerry's knowledge of those investments and the disposition of partnership funds in connection therewith are undocumented. While Edward now argues that partnership records for 1982 and 1983 reflect that $49,249 in loan proceeds were largely repaid, it does not appear that this argument was fully articulated before the Special Referee, and it is therefore unpreserved for review (*see Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 276 [1988]). Concur— Tom, J.P., Saxe, Friedman, Marlow and Catterson, JJ.