■ RBP VENTURES, LTD., Appellant, v CONCORD ELECTRONICS, INC., Also Known as KB-SQUARED, INC. and Another, Respondent. [895 NYS2d 36]—

Plaintiff failed to preserve its argument that defendant

breached the parties' contract by not providing the certificates required by sections 4.24 and 9.08 at the closing (*see e.g. Omansky v Whitacre*, 55 AD3d 373, 374 [2008]; *220-52 Assoc. v Edelman*, 18 AD3d 313, 315 [2005]).

Even if plaintiff believed that defendant had anticipatorily breached the contract, it was still required "to show that it was ready and able to perform its own contractual undertakings on the closing date, in order to secure specific performance" (*Huntington Min. Holdings v Cottontail Plaza*, 60 NY2d 997, 998 [1983]). Instead of making such a showing, plaintiff rejected defendant's tender. Since plaintiff submitted "no documentation or other proof to substantiate that it had the funds necessary to purchase the property," it is not entitled to specific performance (*see Fridman v Kucher*, 34 AD3d 726, 728 [2006]).

The motion court properly granted summary judgment dismissing plaintiff's claim for fraud in the inducement. Even if one views the evidence in the light most favorable to plaintiff, it fails to raise a triable issue of fact as to whether defendant's representation in section 4.19 (1) of the contract was false. The Phase II environmental report, which is dated October 2007, does not prove defendant's knowledge as of the contract date (June 1, 2006). Defendant submitted expert evidence that there were no environmental violations at the property; plaintiff did not submit any expert evidence saying there were such violations.

Since defendant—not plaintiff—was the prevailing party, the motion court properly dismissed plaintiff's claim for attorneys' fees and granted defendant's motion for summary judgment on its counterclaim for attorneys' fees (section 17.12 of the contract). The motion court also properly granted summary judgment on defendant's counterclaims for breach of contract and retention of the down payment (*see e.g. Uzan v 845 UN Ltd. Partnership*, 10 AD3d 230 [2004]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Román, JJ.
**[Prior Case History: 2009 NY Slip Op 31384(U).]**