■ COASTAL MECHANICAL CORP. et al., Plaintiffs, v ENERGISTS, INC., et al., Defendants, KIDDE CONSUMER DURABLES CORPORATION, Appellant, and GREGORY W. BAGEN, Respondent. [639 NYS2d 30]

This dispute arises out of breach of contract litigation in connection with the construction of a cogeneration facility by defendant Energists, Inc. for Farberware, a subsidiary of appellant Kidde Consumer Durables Corporation. Defendant Tridynamics acquired the plant for the purpose of completing construction and thereafter furnishing cogeneration services to Farberware. Following termination of the project in 1987, litigation ensued over the performance of the contract and, in December 1991, Energists was awarded $965,000 against Tridynamics, and filed judgment in that amount in December 1992.

Respondent Gregory W. Bagen served as counsel to Energists during the construction project, but withdrew on the eve of trial in the fall of 1989, citing nonpayment of fees. In December of that year, Bagen was awarded $48,000 against Energists for his legal services. Judgment in the fee dispute was entered in January 1990.

In November 1992, Bagen obtained an order in Supreme Court, Putnam County pursuant to CPLR 5225 (a) directing Energists, his former client and now judgment debtor, to deliver to the sheriff duly executed assignments of Energists' breach of contract judgment and its causes of action against

Kidde, together with all files related to those matters. At a sheriff's sale conducted that December, Bagen acquired the judgment and causes of action against Kidde upon a bid of $50. The transfer of interest in the action culminated in the order subject to appeal, which granted Bagen's motion to be substituted as defendant in regard to Energists' cross claim against Kidde in the breach of contract action (CPLR 1018).

Leaving aside questions raised by appellant Kidde in regard to the propriety of respondent's methods in parlaying a $48,000 judgment against Energists into a nearly $1 million judgment against Tridynamics and a commensurate claim against Kidde, the order must be reversed. The record reveals that, on October 22, 1992, just prior to obtaining the order directing assignment of Energists' interest in the contract litigation, respondent Bagen filed an 11 USC chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York.

"The law is clear that the trustee of the estate of a bankrupt is vested with title to all of the bankrupt's property". (*Weiss v Goldfeder*, 201 AD2d 644, 645), which includes "all legal or equitable interests of the debtor in property as of the commencement of the case" (11 USC § 541 [a] [1]). Thus, in October 1992, equitable title to Bagen's $48,000 judgment for legal fees vested in the bankruptcy estate, and disposition of this asset became the prerogative of the trustee. With the filing of the bankruptcy petition, respondent's status as a person entitled to enforce a money judgment (CPLR 105 *[l]*) terminated, and the order directing assignment of Energists' judgment and chose in action was without foundation. Significantly, the fee award was not listed by Bagen in the schedule of personal property under "contingent and unliquidated claims" in his bankruptcy petition (*see*, 11 USC § 521 [1]). Nor was the filing of the bankruptcy petition disclosed to the Putnam County Supreme Court.

Under these circumstances, it was error to conclude that respondent Bagen constitutes a proper assignee pursuant to CPLR 1018. Concur—Murphy, P. J., Rosenberger, Rubin, Tom and Mazzarelli, JJ.