■ In the Matter of BERNARD ROTH, Respondent, v S & H GROSSINGER, INC., Respondent, and CONGREGATION AHAVATH ISRAEL OF LIBERTY, Also Known as CONGREGATION AHAVAS YISRAEL, et al., Appellants. [668 NYS2d 402] —White, J. Appeal from an order of the Supreme Court (Bradley, J.), entered December 12, 1996 in Sullivan County, which granted petitioner's application pursuant to CPLR 5230[1] directing that an execution be levied against certain religious articles in the possession of respondents to satisfy a judgment.

Petitioner obtained a money judgment on November 26, 1991 for $38,511 against respondent S & H Grossinger, Inc. (hereinafter Grossinger). Thereafter, he commenced this special proceeding against respondents Congregation Ahavath Israel of Liberty and Hebrew Day School of Sullivan and Ulster Counties (hereinafter collectively referred to as respondents) seeking an order directing them to deliver to the Sheriff of Sullivan County certain religious articles purportedly owned by Grossinger which petitioner claims were transferred to respondents for storage, to be returned on demand. Respondents opposed the application, asserting in their verified answer, *inter alia,* that petitioner's judgment was discharged in bankruptcy and

1. Petitioner more properly should have denominated this proceeding as one pursuant to CPLR 5225 (b).

that the items belonged to the Grossinger family, not Grossinger. Supreme Court granted the petition, finding that the conclusory allegations set forth in the affirmation by respondents' attorney did not raise issues necessitating a hearing. Respondents appeal.

We reverse. While the affirmation by their attorney may be insufficient, respondents' verified answer may be treated as an affidavit (see, CPLR 105 [u]; see also, Kranis, P. C. v European Am. Bank, 208 AD2d 904). The answer's reference to bankruptcy proceedings raises issues requiring further exposition at a hearing, i.e., whether this proceeding is precluded by the Bankruptcy Act (11 USC § 524 [a] [2]) and whether the trustee in bankruptcy of Grossinger's estate is a necessary party to this proceeding (see, Coastal Mech. Corp. v Energists, Inc., 225 AD2d 347).[2] We also believe a hearing is necessary to resolve the issues regarding ownership raised in respondents' answer. Accordingly, we remit this matter to Supreme Court for a hearing pursuant to CPLR 5239 (see, CPLR 5225 [b]).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

---

**2.** We have not considered petitioner's argument contained in his brief regarding the bankruptcy proceeding since it is based on materials that are not part of the record.