■ In the Matter of BERNARD ROTH, Respondent, v S & H GROSSINGER, INC., Respondent, and CONGREGATION AHAVATH ISRAEL OF LIBERTY, Also Known as CONGREGATION AHÁVAS YISRAEL, et al., Appellants. [726 NYS2d 774] —Mugglin, J. Appeal from an order of the Supreme Court (Ledina, J.), entered December 17, 1999 in Sullivan County, which, in a proceeding pursuant to CPLR 5239, *inter alia*, determined that certain religious items were owned by respondent S & H Grossinger, Inc.

In this proceeding, petitioner seeks to enforce a money judgment obtained in 1991 against respondent S & H Grossinger, Inc. (hereinafter Grossinger) by levying upon various religious objects allegedly belonging to Grossinger, but in the physical possession of respondent Congregation Ahavath Israel of Liberty and respondent Hebrew Day School of Sullivan and Ulster Counties (hereinafter collectively referred to as respondents). Pursuant to our remittal (246 AD2d 843), Supreme Court held, after a nonjury trial, that, *inter alia*, Grossinger was the legitimate owner of the religious artifacts while respondents held them pursuant to an uncompensated mutual benefit bailment. Therefore, the religious artifacts were subject to attachment and sale by petitioner to enforce his judgment against Grossinger.

Respondents appeal, initially contending that Supreme Court incorrectly determined that petitioner's evidence established that Grossinger had an interest in the religious items which could be the subject of a levy and that the rights of petitioner to possession of the religious objects were superior to those of respondents (*see*, CPLR 5225 [b]). We disagree. Although the scope of our review of a nonjury trial is broad, we accord great deference to the factual findings and credibility determinations made by the court which viewed the witnesses and the evidence first hand, and this Court will not disturb these findings unless it is manifest that they are contrary to any fair interpretation of the evidence (*see, Sawhorse Lbr. & More v Perrotta*, 279 AD2d 733, 734; *Clifford R. Gray, Inc. v City School Dist.*, 277 AD2d 843).

Petitioner, a long-time employee of Grossinger, testified at trial that, in 1986, he was instructed to find storage facilities for the religious objects commonly used in Grossinger's synagogue because the renovation plans for Grossinger required the demolition and reconstruction of the synagogue. The former Rabbi of Congregation Ahavath testified that his Board agreed to accept the items for storage, but because of space limitations and the volume of religious objects, some were placed with the Hebrew Day School with the express understanding that they would be returned in the future. Although petitioner lacked knowledge as to how Grossinger acquired the religious objects, he testified that they were the property of Grossinger and that the financial statements of Paul Grossinger, who owned 50% of Grossinger, never listed the religious objects as personal assets. Contrary to this testimony, the Rabbi of Hebrew Day School denied that it only agreed to store certain of the religious objects, claimed no restrictions were

placed upon their possession and asserted that they were commingled with those of Hebrew Day School and used as though Hebrew Day School was the rightful owner. Additional testimony indicated that at least one Torah bore an inscription suggesting ownership by the Grossinger family, not the corporate entity. Despite this conflicting testimony, we find no reason to disturb Supreme Court's finding that the religious objects were owned by Grossinger since it is not contrary to a fair interpretation of all of the evidence presented (see, *Blank v Blank*, 256 AD2d 688, 693).

Next, we find no merit to respondents' contention that the instant proceeding is barred by the doctrine of laches. Specifically, respondents allege that petitioner's 4½-year delay between obtaining his judgment and institution of this proceeding prejudiced respondents because it is now impossible to distinguish those items delivered by Grossinger from those already in the possession and ownership of respondents. Delay alone does not establish laches (see, *Burns v Egan*, 117 AD2d 38, 41, *appeal dismissed* 68 NY2d 806, *lv denied* 69 NY2d 602); rather, the delay must result in prejudice to the party now seeking to invoke the doctrine (see, *Matter of Sheerin v New York Fire Dept. Arts. 1 & 1B Pension Funds*, 46 NY2d 488; *New York Pub. Interest Research Groups v Levitt*, 62 AD2d 1074, 1075-1076, *appeals dismissed* 46 NY2d 849, 850). Moreover, the party seeking to invoke the doctrine must also establish that the opposing party delayed in asserting the claim despite the opportunity to do so (see, *Cohen v Krantz*, 227 AD2d 581, 582). Notably, delay here was not caused by any dilatory tactic on petitioner's part but was for some considerable period of time barred by an automatic bankruptcy stay. Further, we are unpersuaded, as was Supreme Court, by respondents' evidence that difficulty in identifying Grossinger's property resulted in prejudice to the degree that the doctrine of laches should preclude petitioner's claim.

Next, while we agree with respondents that petitioner was not qualified to testify as an expert in finance (cf., *Brushton-Moira Cent. School Dist. v Alliance Wall Corp.*, 195 AD2d 801, 802; *Dizak v State of New York*, 124 AD2d 329), this error was harmless since the testimony relied upon by Supreme Court, that these religious artifacts were not listed on Paul Grossinger's personal financial statements as assets, was made from the personal knowledge of petitioner, not his opinion (see, *Austin v Barber*, 227 AD2d 826, 828). Nor do we find error in the court's decision to permit rebuttal testimony. Such a decision is committed to the trial court's discretion and will not be

disturbed absent a clear abuse thereof (*see*, *Rowell v Callahan*, 233 AD2d 383; *Schonfeld v Brody*, 220 AD2d 572).

Lastly, we discuss Supreme Court's denial of respondents' counterclaim for alternative relief in the form of storage fees and insurance premium costs for storing and insuring Grossinger's property. Initially, assuming the existence of a bailment, the claim is properly asserted against the owner of the property, not a judgment creditor who seeks to enforce his or her judgment. Additionally, exercise of our broad powers of review in this nonjury case results in our finding that respondents are gratuitous bailees who neither sought nor have the right to receive compensation (*see*, 9 NY Jur 2d, Bailments and Chattel Leases, § 128, at 152-153) nor did they have the duty to insure the religious artifacts or the right to recover insurance premiums paid for that purpose (*see*, 9 NY Jur 2d, Bailments and Chattel Leases, § 58, at 64-66). Moreover, our review of the proof of damages reveals that there was no foundation for the opinion evidence as to the cost of storage, and the proof of damages concerning insurance premiums was speculative at best.

Cardona, P. J., Crew III, Spain and Rose, JJ., concur. Ordered that the order is affirmed, with costs to petitioner.