# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

717
CA 11-01437
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND LINDLEY, JJ.

IN THE MATTER OF THE STATE OF NEW YORK,
PETITIONER-RESPONDENT,

V                                    MEMORANDUM AND ORDER

JOHN HALL, RESPONDENT-APPELLANT.

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, BUFFALO (MARGOT S. BENNETT OF COUNSEL), FOR RESPONDENT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), dated June 7, 2011 in a proceeding pursuant to Mental Hygiene Law article 10. The order determined that respondent is a dangerous sex offender requiring confinement and committed respondent to a secure treatment facility.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order determining that he is a dangerous sex offender requiring confinement pursuant to Mental Hygiene Law article 10 and committing him to a secure treatment facility. We reject respondent's contention that petitioner failed to establish by clear and convincing evidence at the dispositional hearing that "respondent is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (§ 10.07 [f]). Indeed, the experts for both petitioner and respondent recommended inpatient treatment. Thus, Supreme Court's determination that respondent should be committed to a secure treatment facility is supported by the requisite clear and convincing evidence (*see generally id.*).

Contrary to the further contention of respondent, the court did not err in permitting petitioner's expert to testify concerning statements in the various records he reviewed in forming his opinion. "The professional reliability exception to the hearsay rule 'enables an expert witness to provide opinion evidence based on otherwise inadmissible hearsay, provided it is demonstrated to be the type of material commonly relied on in the profession' " (*Matter of State of New York v Motzer*, 79 AD3d 1687, 1688, quoting *Hinlicky v Dreyfuss*, 6 NY3d 636, 648). We reject respondent's contention that the court

abused its discretion in permitting petitioner to call respondent's expert as a rebuttal witness (*see generally Matter of Roth v S & H Grossinger*, 284 AD2d 746, 748-749), and the record belies the further contention of respondent that the court limited his cross-examination of petitioner's expert concerning recidivism statistics related to the Static 99 assessment.

Finally, there is no merit to the contention of respondent that the court's delay in rendering a decision denied him due process.  The dispositional hearing concluded on April 26, 2011, and the court's decision was issued 42 days later, on June 7, 2011, well within the 60-day limitation (*see* Mental Hygiene Law § 10.07 [b]; CPLR 4213 [c]).

Entered:  June 8, 2012                           Frances E. Cafarell
                                                 Clerk of the Court