NBT Bank NA v Scotty's Auto Sales, Inc. (2020 NY Slip Op 02305)





NBT Bank NA v Scotty's Auto Sales, Inc.


2020 NY Slip Op 02305


Decided on April 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 16, 2020

528759

[*1]NBT Bank NA, as Successor in Interest to Central National Bank, Canajoharie, Respondent,
v
Scotty's Auto Sales, Inc., Defendant, and Elaine Amidon, Appellant.

Calendar Date: February 11, 2020

Before: Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Mark A. Wolber, Utica, for appellant.
Wood, Seward & McGuire, LLP, Gloversville (Jeremiah Wood of counsel) and Barclay Damon LLP, Syracuse (Teressa M. Bennet of counsel), for respondent.



Clark, J.
Appeal from an order of the Supreme Court (Catena, J.), entered January 18, 2019 in Montgomery County, upon a decision of the court in favor of plaintiff.
Central National Bank, Canajoharie (hereinafter CNB) commenced this action seeking to recoup the balance owed on a floor plan financing and security agreement executed by defendant Scotty's Auto Sales, Inc. and personally guaranteed by its president, defendant Elaine Amidon, as well as the aggregate unpaid balance of retail installment contracts in default for which Scotty's had a full recourse obligation (hereinafter referred to as recourse contracts). Defendants answered and asserted counterclaims alleging, among other things, that the signatures on the purported recourse contracts were forged or unauthorized and that CNB had breached its fiduciary obligations to defendants by withdrawing from Scotty's "dealer reserve account" delinquencies in payment on such recourse contracts. Following the completion of a nonjury trial, but before a decision was rendered, Amidon filed for chapter 7 bankruptcy and the action was stayed. Amidon obtained a discharge in bankruptcy shortly thereafter. However, the action remained dormant for several years.
In 2011, Supreme Court (J. Sise, J.) declared a mistrial and advised the parties that they could move for a new trial in the interest of justice (see CPLR 4402). After Amidon took the necessary steps in bankruptcy court to obtain legal capacity to pursue her counterclaims,[FN1] Supreme Court (Catena, J.) granted Amidon a new trial solely on her individual counterclaims against plaintiff — CNB's successor in interest. Following a nonjury trial in 2018, Supreme Court dismissed Amidon's counterclaims. Amidon appeals, and we affirm.
At trial, Amidon bore the burden of proof on each of her counterclaims against plaintiff (see Feldin v Doty, 45 AD3d 1225, 1226 [2007]; Lewin Chevrolet-Geo-Oldsmobile v Bender, 225 AD2d 916, 918 [1996]). As relevant here, Supreme Court found that, with respect to her first and third counterclaims,[FN2] Amidon failed to sustain her burden of proof. In reviewing such determination, we note that, although "this Court has a broad power of review in nonjury cases, a trial court's findings are not to be lightly set aside unless its conclusions could not have been reached based upon any fair interpretation of the evidence" (Gold v New York State Bus. Group, 282 AD2d 988, 989 [2001] [internal quotation marks, brackets and citations omitted]; see O'Donnell v JEF Golf Corp., 173 AD3d 1528, 1529-1530 [2019]). Furthermore, where, as here, "the findings of fact rest in large measure on the trial court's assessment of the credibility of witnesses, they are entitled to deference" (Winkler v Kingston Hous. Auth., 259 AD2d 819, 823 [1999]; see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]; Matter of Roth v S & H Grossinger, 284 AD2d 746, 747 [2001]).
Upon our review of the record, we find that a fair interpretation of the evidence supports Supreme Court's determination that the "dealer reserve account was properly debited for recourse delinquencies." Notwithstanding that the recourse contracts were not produced at trial, the testimonial and documentary evidence credited by Supreme Court established that, during the relevant time period, Scotty's did in fact enter into numerous recourse contracts, that Amidon was or should have been aware of such contracts and that, in addition to Amidon, two other corporate officers had unrestricted authorization to sign endorsements on behalf of the company.[FN3] We agree with Supreme Court that Amidon failed to prove that the signatures on the recourse contracts were forged or unauthorized. The evidence credited by Supreme Court further demonstrated that the dealer reserve account was set up so that Scotty's would have money available for recourse payments and that CNB had the authority to make withdrawals from that account in the event of delinquencies in payment on the recourse contracts. Amidon failed to prove otherwise. Accordingly, as a fair interpretation of the evidence supports Supreme Court's determination that CNB was justified in making withdrawals from the dealer reserve account to cover recourse delinquencies, we find no basis upon which to disturb Supreme Court's dismissal of Amidon's first and third counterclaims (see generally Matter of Roth v S & H Grossinger, 284 AD2d at 748; New York Mut. Underwriters v Kaufman, 283 AD2d 850, 851 [2001]).
Amidon further argues that Supreme Court failed to address her claims that CNB's allegedly improper withdrawals from the dealer reserve account caused her to lose her entire investment in Scotty's, as well as certain real property secured by a mortgage loan with CNB. Such allegations, however, were not before Supreme Court, given that they were not included in Amidon's counterclaims. In any event, as discussed above, Supreme Court found that the withdrawals from the dealer reserve account were proper. To the extent that we have not addressed any of Amidon's arguments, they have been examined and found to be wholly lacking in merit.
Egan Jr., J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Supreme Court (Catena, J.) had denied Amidon's prior motion for a new trial on the ground that she lacked legal capacity to pursue her counterclaims. This Court affirmed that order (Central Natl. Bank, Canajoharie v Scotty's Auto Sales, Inc., 138 AD3d 1263 [2016], lv dismissed 28 NY3d 1044 [2016]).

Footnote 2: Amidon is not challenging Supreme Court's dismissal of her remaining three counterclaims.

Footnote 3: We agree with Amidon that Supreme Court erred in considering a document — namely, a dealer assignee agreement — that was not admitted into evidence. However, we find such error to be harmless, given that, without consideration of the dealer assignee agreement, Supreme Court's conclusions are supported by a fair interpretation of the evidence.