■ In the Matter of IVAN L. MAYERS, Petitioner, against STEPHEN P. KENNEDY, as Commissioner of the Police Department of the City of New York, Respondent.— Determination unanimously confirmed, with $50 costs and disbursements to the respondent and the petition dismissed. No opinion. Concur — Peck, P. J., Breitel, Botein, Rabin and Bergan, JJ.

■ LEONARD JAMES, Respondent, v. BEN FABRIKANT, Appellant.— Order providing for the discontinuance, with prejudice, of defendant's counterclaim as contained in defendant's amended answer, unanimously affirmed. No opinion. The evidence adduced at the trial tends to sustain the Trial Judge's finding that a partnership was formed between the parties in December, 1950. However, it was a partnership at will, and as the complaint, dated October 8, 1953, alleges that because of defendant's breaches of the partnership agreement from July of 1951 on, plaintiff had elected to dissolve the partnership, the dissolution date should be fixed no later than October 8, 1953. In the light of the vague and unsatisfactory testimony as to the nature and purposes of the partnership, what each of the parties was required to do and as to their performance of their partnership obligations, it cannot be assumed that the deposits in the partnership account were wholly or exclusively the partnership earnings. It will be for the Referee to determine whether any portion of the deposits represents advances or capital contributions to the partnership funds by the defendant; or whether they are partnership profits in which plaintiff, by reason of his services to the partnership, was entitled to participate. Likewise, the Referee must determine whether there were any partnership earnings which were not deposited in the partnership account. On the accounting, the Referee may give appropriate credit for moneys or the equivalent advanced to or on behalf of the plaintiff out of the partnership funds, even though defendant's counterclaim for recovery of such advances was discontinued with prejudice. The counterclaim was asserted on the theory that the relationship between the parties was not that of partners, but of debtor and creditor, and it was to be separately tried. While the discontinuance with prejudice would bar the defendant from reasserting any such independent right to recover the advances, the existence of a partnership has now been established, and the Referee is not precluded from taking the advances into consideration in computing the amounts due to the plaintiff in the partnership accounting proceeding. The discontinuance, even though stated to be "with prejudice", came before any trial of the issues and was not a final determination on the merits conclusively establishing the substantive rights of the parties with respect to these items (*Mink* v. *Keim*, 291 N. Y. 300). Since the defendant concededly engaged in business enterprises unrelated to the partnership venture, with the full approval of the plaintiff, the direction that the defendant account for profits made by him, without limitation, is too broad. Accordingly, the interlocutory judgment is unanimously modified by substituting October 8, 1953 for July 10, 1956 as the dissolution date of the partnership in the second, fourth, fifth and seventh decretal paragraphs, and by striking the words " for profits made by the defendant" from the seventh decretal paragraph and, as so modified, affirmed. Settle order on notice. Concur — Botein, J. P., Rabin, Frank, Valente and McNally, JJ. [See *post*, p. 1004.]

■ CHARLES LUBELFELD, Appellant, v. CITY OF NEW YORK, Respondent.— Judgment unanimously affirmed, with costs. Concur — Botein, J. P., Rabin, Frank, Valente and McNally, JJ.

■ In the Matter of the Arbitration between CROWELL-COLLIER PUBLISHING COMPANY, Appellant, and KING-SIZE PUBLICATIONS, INC., Respondent.— Order unanimously affirmed, with $50 costs and disbursements to the respondent. No opinion. Concur — Breitel, J. P., Botein, Rabin and Bergan, JJ.