GLORIA CARDOZO, Appellant, v. DOUGLAS CARDOZO, Respondent.— In an action for separation, in which judgment was entered in favor of plaintiff wife on March 18, 1957, plaintiff appeals, on the ground of inadequacy, from so much of an order of the Supreme Court, Westchester County, entered August 24, 1965, as (a) modified the judgment of separation by increasing the award for support, education and maintenance of herself and the infant children of the parties from $200 per month to $75 per week; and (b) denied her request for security to insure future payments of said award. Order modified by (1) increasing, in the first ordering paragraph, the amount to be paid for the support, education and maintenance of plaintiff and the children of the parties from $75 a week to $100 a week; and (2) providing in the third ordering paragraph that the accrued alimony from June 23, 1965 be paid within 60 days (instead of 30 days) after entry of the order and service of a certified copy thereof with notice of entry on defendant. As so modified, order, insofar as appealed from, affirmed, without costs. The time fixed in the order, as modified, for compliance by defendant with respect to accrued alimony is extended until 10 days after entry of the order hereon. It is our opinion that the changed circumstances of the parties, as disclosed by this record, warrant an increase to $100 per week for the support, education and maintenance of plaintiff and the infant children of the parties. However, we are of the opinion that there was no abuse of discretion by the Special Term in denying plaintiff's request for security. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

GONDOLFO CRACCO, Appellant, v. BENEDETTO CRACCO et al., Respondents. — In an action between partners for an accounting of partnership earnings and profits in which defendants interposed a counterclaim for the return of money paid plaintiff following his becoming disabled, plaintiff appeals from an order of the Supreme Court, Queens County, entered March 31, 1965, which denied his motion for summary judgment. Order reversed, without costs, plaintiff's motion for summary judgment granted; and interlocutory judgment ordered to be made and entered directing defendants to render a final accounting on the basis of a dissolution of the partnership in August, 1961, said judgment to be settled on five days' notice at Special Term. The actions of defendants beginning in August, 1961 in refusing to continue to pay plaintiff, who had become disabled in May or June, 1961, his share in the proceeds of the partnership and in refusing to account to plaintiff as provided in the partnership agreement manifested an unequivocal election by defendants to dissolve the partnership at will (cf. Spears v. Willis, 151 N. Y. 443, 449; Hutchinson v. Sperry, 158 App. Div. 704, 708, affd. 214 N. Y. 616). There should, therefore, be an accounting pursuant to the partnership agreement on the basis of a dissolution of the partnership in August, 1961. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.