■ W. DONALD CAROLA, Respondent, v EDWARD GROGAN et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Mercure, J.), entered December 7, 1983 in Saratoga County, which, *inter alia,* granted plaintiff's motion for summary judgment dissolving the partnership between the parties, directed an accounting of the partnership by both plaintiff and defendants, and reserved decision on plaintiff's motion to strike defendants' affirmative defenses and counterclaims. ¶ Plaintiff and defendants were partners in a law firm in the Town of Clifton Park, Saratoga County. The partnership, which became operative January 1, 1974, was created by an oral agreement. On September 6, 1976, plaintiff withdrew from the partnership, taking with him certain files, furniture, books and various office equipment, without the consent of the other partners. By phone the next day, plaintiff confirmed to defendants that he had withdrawn from the partnership. The parties' attempts to wind up the partnership amicably proved futile and plaintiff commenced the instant action demanding, *inter alia,* a court-ordered dissolution of the partnership and a formal accounting. ¶ In the order appealed from, Special Term ruled that although *de facto* dissolution of the partnership occurred upon plaintiff's physical withdrawal therefrom on September 6, 1976, it would set May 11, 1982, the first hearing date of plaintiff's motion for a decree of dissolution, as the date for a court-ordered dissolution of the property. It further directed both parties to make a mutual full accounting. Special Term declined to make a final determination of any other issues raised by the parties until the accountings had been rendered and any objections thereto had been heard. ¶ Initially, we hold that there was no need for Special Term to issue a decree of dissolution in this matter. A judicial decree of dissolution is warranted in many instances. It is appropriate where the circumstances are among those set forth in section 63 of the Partnership Law (e.g., where a

---

partner is incapacitated or guilty of misconduct, or where circumstances render dissolution equitable). Court-ordered dissolution is also called for where there is a dispute as to whether the partnership in fact exists (see *Jones v Jones,* 15 Misc 2d 960, 961), or when it is unclear if the partnership is one at will (see *Friedland v Friedland,* 12 Misc 2d 349), or where the partners disagree upon the dissolution date of a partnership at will (see *James v Fabrikant,* 3 AD2d 895). However, in the instant matter, none of the specific provisions of section 63 of the Partnership Law are applicable and there is no dispute between the parties that this was a partnership at will which plaintiff dissolved by his actions of September 6, 1976. Accordingly, Special Term's order of dissolution was inappropriate in this instance and should be stricken. ¶ In so holding, we agree with defendants' contention that Special Term erred in setting the date of dissolution at May 11, 1982, the date it first heard plaintiff's motion for dissolution. A partnership at will, such as the one in question here, may be dissolved at any time by the express will of any partner (Partnership Law, § 62, subd 1, par [b]; *Malmeth v Schneider,* 18 AD2d 1030; 43 NY Jur, Partnership, § 185, p 178). Plaintiff exercised his right to dissolve the partnership by his actions on September 6, 1976 (see 43 NY Jur, Partnership, § 189, p 181). Accordingly, it is that date, when plaintiff "manifested an unequivocal election" to dissolve the partnership, which is the correct date of dissolution (*Cracco v Cracco,* 25 AD2d 660; see, also, *Chaim Ben-Dashan v Plitt,* 58 AD2d 244, 248). ¶ Defendants further argue that Special Term erred in directing them to furnish plaintiff with an accounting. They contend that plaintiff, by his actions in his unauthorized removal of property from the partnership's premises, was guilty of "unclean hands" which should bar his right to an accounting. This contention is unavailing. Sections 44 and 74 of the Partnership Law specifically set forth the right of a partner to a formal accounting of partnership affairs. While the doctrine of unclean hands may, arguably, be used to defeat the right to an accounting (see *Dinerstein v Dinerstein,* 32 AD2d 750, 751), it should be noted that such an argument has never been made successfully. Further, whatever its potential merit, this doctrine is not available to defendants in the case at bar. At a hearing before Special Term on May 11, 1982, plaintiff and defendants entered into a stipulation whereby they agreed to provide each other with an accounting. Having made this agreement, defendants may not now renege on it. By their own in-court actions, they have "stipulate[d] the clean hands doctrine out of [the] case" (*Nishman v De Marco,* 76 AD2d 360, 361, app dsmd 53 NY2d 642). ¶ Further, a review of the record indicates that plaintiff may not convincingly be accused of having unclean hands. It appears that the amount of capital assets which plaintiff contributed to the partnership when it was first formed was more than sufficient to cover the value of the property which he took when he left. ¶ Accordingly, Special Term's order should be modified by striking the order of dissolution and by changing the date of dissolution of the partnership from May 11, 1982 to September 6, 1976. ¶ Order modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment dissolving the partnership, *changing the date of dissolution of the partnership from May 11, 1982 to September 6, 1976,* and amending the date by which the accountings must be completed to 60 days after service of a copy of the order to be entered hereon, and, as so modified, affirmed. Mahoney, P. J., Main, Weiss, Levine and Harvey, JJ., concur.