■ ALFRED J. ZARI, Appellant, v PETER F. ZARI, Respondent. —In an action, *inter alia,* for dissolution of a partnership and an accounting of partnership assets, the plaintiff appeals (1)

as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), dated August 18, 1988, as upon granting his motion for the appointment of a temporary receiver, directed the temporary receiver to take immediate steps to liquidate the partnership property rather than to continue the business of the partnership, and (2) from an order of the same court, dated December 7, 1988, which denied his motion to resettle the order dated August 18, 1988.

Ordered that the order dated August 18, 1988, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order dated December 7, 1988, is dismissed, as no appeal lies from an order denying resettlement of the decretal paragraphs of a prior order (see, Blume v Blume, 124 AD2d 771); and it is further,

Ordered that the defendant is awarded one bill of costs.

Contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in directing that the temporary receiver take immediate steps to liquidate the tangible assets of the partnership by auction sale. Where, as in the instant case, no definite term of duration of a partnership is set forth by agreement, the partnership may be dissolved at any time by the express will of any partner (see, Partnership Law § 62; Carola v Grogan, 102 AD2d 934; Shandell v Katz, 95 AD2d 742). As it is undisputed that the defendant expressly elected to dissolve the partnership as of May 1, 1988, judicial dissolution is unwarranted (see, Mehlman v Avrech, 146 AD2d 753; Carola v Grogan, 102 AD2d 934, supra).

Considerable discretion is vested in the court pursuant to Partnership Law § 75 in directing an accounting and supervising the winding up of a dissolved partnership (see, Shandell v Katz, 95 AD2d 742, supra; Goergen v Nebrich, 4 AD2d 526). We conclude that the Supreme Court properly directed the temporary receiver to liquidate the assets at an auction sale (see, Partnership Law §§ 69, 74).

Finally, while an issue of fact exists with respect to whether the plaintiff may be entitled to a setoff for any "good will" which has been appropriated by the defendant, who has continued the business at the partnership location, this issue must await resolution after a trial (see, Cohen v Biernoff, 84 AD2d 802). Mollen, P. J., Lawrence, Eiber and Kooper, JJ., concur.