■ JACQUELINE MILLS, Appellant, v KATHRYN E. O'DONNELL, Also Known as KATHY O'DONNELL, Respondent.—Casey, J. Appeal from an order of the Supreme Court (Williams, J.), entered December 12, 1990 in Sullivan County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the amended complaint as time barred.

The determinative issue on this appeal is whether Supreme Court correctly dismissed plaintiff's amended complaint as untimely. The underlying facts are not seriously disputed. In early February 1982, plaintiff purchased from defendant an 80% interest in a thoroughbred stallion named "Dressage" for

$20,000. Defendant retained a 20% interest. The stallion, which was purchased for breeding purposes, was to stand at stud at plaintiff's farm in this State. The expenses and profits from the breeding fees were to be shared by the parties in the same ratio as their ownership interests. The stallion arrived at plaintiff's farm on February 19, 1982 and shortly thereafter plaintiff discovered that the stallion was not breeding. When the efforts employed, including the services of a veterinarian, failed to correct the condition, the stallion was shipped to defendant's farm in New Hampshire. Defendant apparently remedied the situation and bred the stallion a claimed six times, but concededly did not inform plaintiff and never forwarded any portion of the breeding fees to plaintiff. It is plaintiff's contention that she was not informed and did not know until August 3, 1984 that defendant had bred the horse and kept the fees. Plaintiff argues on this appeal that her action commenced on August 1, 1989 is timely.

Plaintiff alleges that the parties had a partnership at will created by an oral agreement, and her amended complaint seeks an accounting. She contends that the six-year Statute of Limitations (CPLR 213 [1]) did not begin to run until she made a formal demand for an accounting in December 1984, making this action, commenced August 1, 1989, timely. Pursuant to Partnership Law § 74 plaintiff's right to an accounting accrued upon the dissolution of the alleged partnership *(see, Schwartz v Lois Assocs.,* 149 AD2d 307, 309), and dissolution means "the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business" (Partnership Law § 60). In our view, such a change occurred when plaintiff sold her interest in the stallion in June 1982. By selling her interest in the partnership's only asset, which was the sole purpose for the parties' business relationship, plaintiff manifested the unequivocal election to dissolve the partnership at will *(see, Carola v Grogan,* 102 AD2d 934). Accordingly, plaintiff had six years from June 21, 1982 to commence an action for accounting and, therefore, this action is untimely.

Plaintiff's alternative claim that she had six years from her discovery that defendant had bred the stallion to several mares before plaintiff sold her interest is meritless. As previously noted, plaintiff's cause of action accrued upon the dissolution of the partnership, which occurred when she sold her interest in the stallion. In any event, defendant's failure to disclose the breeding of the stallion could only extend plaintiff's time to commence the action by two years from the date

that she discovered that the breeding had occurred (CPLR 203 [f]). Because plaintiff discovered the facts in August 1984, the two-year extension provides a shorter period than that otherwise provided and, therefore, is inapplicable *(see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C203:12, at 168). Supreme Court thus correctly dismissed plaintiff's amended complaint as untimely and, therefore, its order granting defendant's motion for summary judgment should be affirmed.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.