■ DINO D. ALESSI, Respondent, v EUGENE V. BROZZETTI et al., Appellants. [644 NYS2d 422] —Casey, J.

Plaintiff commenced this action to obtain a judicial account of his interest in a partnership (*see*, Partnership Law § 74). In this appeal from the order and judgment entered by Supreme Court following a nonjury trial, defendants contend that Supreme Court erred in finding that plaintiff's commencement of this action was "the defining event in the partnership dissolution". According to defendants, dissolution occurred when plaintiff moved to Florida or, at the latest, when defendants

informed plaintiff that he would no longer receive a share of certain of the partnership's income. Based upon our review of the record, we see no basis to disturb Supreme Court's finding on the dissolution issue.

The partnership, which was created in 1982, was involved in the development and management of real property, including apartment houses and a hotel. The partnership had no definite term and, therefore, dissolution could be caused by the express will of any partner without breaching the partnership agreement (see, Partnership Law § 62 [1] [b]). When a partner's actions are claimed to constitute the requisite express will, the actions must manifest an unequivocal election to dissolve the partnership (see, Carola v Grogan, 102 AD2d 934, 935; Cracco v Cracco, 25 AD2d 660). Defendants contend that by relocating to Florida, plaintiff removed himself from the day-to-day operations of the partnership. According to defendants, the full-time involvement of all three partners was an integral part of the partnership and that by ending his full-time involvement, plaintiff elected to dissolve the partnership. Defendants' argument is not supported by the evidence in the record.

Plaintiff, whose testimony was credited by Supreme Court, explained that the expertise he brought to the partnership concerned real estate development. Thus, according to plaintiff, he was actively involved in the development and construction phase of partnership projects, but once a particular project was completed, he had only a limited role until a new project was undertaken. Defendants conceded that they had a very loose arrangement and that plaintiff's departure had little effect on the partnership's management of the various properties. The evidence establishes that the business activities of the partnership continued after plaintiff's relocation to Florida and that the parties were unable to reach an understanding regarding the dissolution of the partnership. The evidence does not demonstrate that plaintiff's relocation to Florida manifested an unequivocal intention to dissolve the partnership.

In the alternative, defendants contend that dissolution occurred when they notified plaintiff that they refused to continue sharing certain management fees with him. There is, however, no evidence that the partnership stopped doing business and plaintiff continued to receive his share of an incentive fee paid to the partnership by one of the properties. Defendants' attempt to restructure the partners' profit-sharing arrangement did not manifest the requisite unequivocal election to dissolve the partnership. The record supports Supreme Court's conclusion that plaintiff's lawsuit was "the defining event in

the partnership dissolution" and, therefore, the judgment should be affirmed. Defendants' remaining contention has been reviewed and found to be lacking in merit.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order and judgment is affirmed, with costs.