■ Stuart D. Levy, Appellant, v Milton Keslow et al., Respondents, et al., Defendants. [652 NYS2d 292] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered July 3, 1995, after a nonjury trial, insofar as appealed from, dismiss-

ing the complaint and canceling the bond posted by defendants to discharge a notice of pendency, and judgment, same court and Justice, entered August 11, 1995, awarding defendants $950 in costs and disbursements, unanimously affirmed, with one bill of costs.

The complaint was properly dismissed for failure to make out a prima facie case. In absence of an express agreement otherwise, plaintiff, as coventurer, has no right to compensation for services rendered in furtherance of the joint venture (Partnership Law § 40 [6]; *Friedman v Golden Arrow Films*, 442 F2d 1099, 1106; *Evans v Warner*, 20 App Div 230). Nor does plaintiff have a claim in quantum meruit where, by the express terms of the joint venture agreement governing the parties' relationship, plaintiff was to provide services to the venture and receive in exchange 45% to 50% of any profits realized upon sale of the real property that was subject matter of the venture (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 388). That the extent of the services required was unforeseen or underestimated at the time of the agreement does not entitle plaintiff to additional compensation (*Jandous Elec. Constr. Corp. v City of New York*, 88 AD2d 821, *affd* 57 NY2d 848). The prior decisions rendered in this case were not on the merits of the issues explored at trial, and have no res judicata or collateral estoppel effect (*Medric Constr. v J. W. Mays, Inc.*, 230 AD2d 832; *Tong v Hang Seng Bank*, 210 AD2d 99, 100). We have considered plaintiff's other arguments and find them to be without merit. Concur—Wallach, J. P., Tom, Mazzarelli and Andrias, JJ.