■ STAINES ASSOCIATES, Plaintiff, and PETER M. PRICE, Individually and as General Partner of Staines Associates, Respondent, v JOEL A. ADLER, Appellant, et al., Defendant. [698 NYS2d 639] —Order, Supreme Court, New York County (Emily Goodman, J.), entered April 28, 1998, which granted plaintiff-respondent's motion for partial summary judgment to the extent of dissolving the subject partnership, held in abeyance a declaration of the parties' respective partnership interests pending an accounting, and denied, as academic, defendant's cross motion for leave to interpose an additional counterclaim for the fair market value of plaintiff's use of the partnership asset in excess of his interest, unanimously affirmed, without costs.

While plaintiff purported to limit his motion for summary judgment to the portion of his first cause of action that sought a declaration of the extent of his interest in the subject partnership, the submissions in connection with his motion and defendant's cross motion for the same relief provided ample evidentiary basis to conclude that the partnership had been dissolved, and the IAS Court properly so declared upon a search of the record (cf., A.C. Transp. v Board of Educ., 253 AD2d 330, 338, lv denied 93 NY2d 808). In particular, defendant's actions in transferring title to the partnership's primary asset, a residential brownstone in which the parties reside on separate floors, to himself individually, and encumbering the property with a mortgage the proceeds of which he alone received, manifested an unequivocal election to dissolve the partnership (see, Spears v Willis, 151 NY 443, 449). Upon finding that the

partnership was dissolved, the IAS Court properly directed an accounting (*see, 220-52 Assocs. v Edelman*, 241 AD2d 365, 366-367), and held in abeyance a declaration of the parties' respective partnership interests pending such accounting. Concur—Ellerin, P. J., Rosenberger, Nardelli, Lerner and Andrias, JJ.