■ S. PAUL POSNER, Appellant-Respondent, v ROBERT A. POSNER, Respondent-Appellant. [720 NYS2d 465] —Order, Supreme Court, New York County (Barry Cozier, J.), entered January 20, 2000, which, in an action between two brothers over the ownership and management of a real estate partnership, granted in part and denied in part the parties' respective motions for summary judgment, unanimously modified, on the law, to dismiss defendant's sixth counterclaim, and otherwise affirmed, without costs.

The "Restated Partnership Agreement" contained an option that gave the remaining partners the right to buy out the interest of any partner in the event that partner were to sell, assign, transfer or encumber his or her interest in the partnership, or withdraw from the partnership, at book value. Defendant's sixth counterclaim invokes this option, claiming that plaintiff's commencement of the instant action seeking the sale of the partnership's real property, its primary asset, evidences plaintiff's withdrawal from the partnership, and therefore triggers defendant's right to exercise the option, just as plaintiff himself had claimed a right to exercise the option by reason of the commencement of an earlier dissolution action by the third partner, the parties' deceased mother. We disagree. "The bringing of an action for dissolution of a partnership and for an accounting does not constitute an election on the part of plaintiff to exercise his right to dissolve the partnership notwithstanding that he had such right to dissolve. There must be a notice of election to terminate or a mutual agreement." (*Gerstein v Teitelbaum*, 273 App Div 886.) Here, plaintiff stated in his summons with notice that the action was for an accounting and other relief, "but exclude[d] dissolution of or withdrawal from the partnership," a position reiterated in the amended complaint, and obviously adequate to give notice that plaintiff was not seeking dissolution (see, *Brady v Powers*, 112

App Div 845, 849-850). Indeed, to sustain the sixth counterclaim would be to prevent a partner from seeking judicial relief to redress breaches of another partner's fiduciary duties, such as defendant himself seeks in the seventh counterclaim, out of fear that to do so would be to force the sale of his partnership interest at a below market price. Nor does the doctrine of judicial estoppel require a different result. Plaintiff's position herein, which from the start has disclaimed any intent to withdraw from or dissolve the partnership, is not akin to his mother's position in her dissolution action.

The order should be affirmed in all other respects. Plaintiff's first cause of action was properly dismissed as time-barred insofar as it seeks to recover $36,000 in alleged wrongful compensation paid to defendant in 1990. While a partner's right to an accounting accrues upon dissolution (Partnership Law § 74), here plaintiff expressly disavows any claim for dissolution, basing his claim for the $36,000 on defendant's alleged breach of fiduciary duty, not the results of an accounting. As the gravamen of the claim is breach of fiduciary duty, the IAS Court correctly applied the six-year limitations period applicable to such a claim (CPLR 213 [1]; *see, Unibell Anesthesia v Guardian Life Ins. Co.*, 239 AD2d 248; *Fava v Kaufman*, 124 AD2d 42). Also properly dismissed were defendant's counterclaims for compensation, a partner having no right to compensation for acting in the partnership business (Partnership Law § 40 [6]; *see, Levy v Leavitt*, 257 NY 461, 467). It does not avail defendant that the extent of the services required was unforeseen or underestimated at the time of the partnership agreement (*see, Levy v Keslow*, 235 AD2d 293). The IAS Court correctly ordered the distribution of non-realty assets in accordance with the Surrogate's Court stipulation settling the probate proceeding involving the parties' mother's will, there being no language therein to support defendant's claim that such distributions were to be limited to the period immediately following the date thereof. Plaintiff's fourth cause of action, which invokes the buy-out option on the basis of defendant's alleged encumbrance of his partnership interest in posting a surety bond in the probate proceeding, was properly sustained, since defendant's unsubstantiated denials of any such encumbrance did not satisfy his initial burden of proof as a summary judgment movant. The defense that the stipulation settling the probate proceeding constituted a waiver of any right that plaintiff has to exercise the option because of the alleged encumbrance was properly dismissed, since the stipulation does not in terms provide for any such waiver, and there is no evidence that plaintiff was aware of the alleged encumbrance

when the stipulation was signed. Plaintiff's motion to dismiss the seventh counterclaim alleging plaintiff's breach of fiduciary duty in refusing to participate in the partnership's management was properly denied, there being issues of fact as to whether plaintiff refused to so participate. We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Lerner and Buckley, JJ.