■ NEW YORK MUTUAL UNDERWRITERS, Appellant, v BERNARD KAUFMAN et al., Respondents. [727 NYS2d 178] —Crew III, J. P. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered March 1, 2000 in Albany County, upon a decision of the court in favor of defendants.

In August 1994, defendant Thomas O'Neill was injured when, while mowing grass on property owned by defendant Bernard Kaufman in the Town of Fallsburg, Sullivan County, he tripped over sections of a telephone pole, causing his left foot to come in contact with the blades of the mower. As a result of this incident, O'Neill sustained severe injuries to his left foot. In July 1996, O'Neill commenced a personal injury action against Kaufman seeking to recover for the injuries sustained. Kaufman was served with the summons and complaint in August 1996 and, on or about October 25, 1996, forwarded the pleadings to plaintiff, which had issued an insurance policy covering Kaufman's property. Plaintiff responded by commencing the instant declaratory judgment action against Kaufman and O'Neill seeking, *inter alia,* a declaration that it had no obligation to defend or indemnify Kaufman in the underlying personal injury action.

Following plaintiff's unsuccessful motion for summary judgment (257 AD2d 850), the matter proceeded to trial, with the crucial issue centering upon whether Kaufman had given plaintiff timely notice of O'Neill's accident. At the conclusion thereof, Supreme Court found that Kaufman indeed had given timely notice of the accident and, hence, determined that plaintiff had an obligation to defend and indemnify Kaufman in the underlying action brought by O'Neill. This appeal by plaintiff ensued.

" 'On a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses' " (*Aviles v Dryden Mut. Ins. Co.,* 278

AD2d 829, 829, quoting *Claridge Gardens v Menotti*, 160 AD2d 544, 544-545; *see, Silverman v Mergentime Corp./J.F. White, Inc.*, 252 AD2d 925, 926). Here, Supreme Court was faced with a classic credibility issue. Kaufman, O'Neill and John Brown each testified that approximately one month after the accident, O'Neill approached Kaufman and inquired as to the status of Kaufman's insurance coverage. In response to this inquiry, Kaufman placed a phone call to his insurance agent, at which time, according to Kaufman, he advised that O'Neill had been injured on his property. At the conclusion of this call, Kaufman informed O'Neill and Brown that his insurance coverage was in effect. In response, plaintiff produced Kaufman's agent, Peter Benson, and Virginia Carlson, the employee to whom Kaufman allegedly spoke during the aforementioned phone call. Carlson testified that she no longer was employed by the agency at the time Kaufman purportedly spoke with her, and Benson testified that there was nothing in Kaufman's file that would indicate that notice of O'Neill's accident was given prior to October 1996, when Kaufman provided the agency with a copy of the summons and complaint in the underlying action.

Although plaintiff points to Kaufman's admitted memory lapses and characterizes Kaufman's overall memory as selective, Supreme Court had ample opportunity to weigh and evaluate firsthand whatever inconsistencies may have existed in the testimony offered by defendants' witnesses. Given the trial court's superior vantage point in this regard, and the fact that there is sufficient evidence in the record to support the court's findings of fact, we see no basis upon which to disturb Supreme Court's judgment.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with one bill of costs.