■ GEORGE NICHOLSON, Respondent, v CHRISTOPHER NICHOLSON, Appellant. [732 NYS2d 749] —Mercure, J. P. Appeal from that part of a judgment of the Supreme Court (Fromer, J.H.O.), entered September 18, 2000 in Ulster County, upon a dismissal at trial of defendant's counterclaim for an accounting.

The parties are brothers. In 1987, they acquired property in the Town of Saugerties, Ulster County, as tenants in common and executed a purchase money mortgage securing their note for $200,000. The complaint alleges, and defendant admits, that the note and mortgage constituted a contract between the parties and their agreement to pay all obligations thereunder in equal shares. Plaintiff further alleges that since the time of execution of the note and mortgage, he has made payments but defendant has breached the parties' contract by failing to make any payments thereon. For a second cause of action, plaintiff alleges that, "[p]ursuant to their contractual agreement and their joint ownership of the property, [plaintiff] has paid all taxes on the property, costs of improvements and repairs, and maintenance [and that defendant] * * * has defaulted on his obligations as a joint owner of the property and is in breach thereof." Defendant's answer asserts counterclaims seeking money damages for (1) plaintiff's alleged conversion to his own use of a model home constructed on "the lake property" as part of the parties' plan to subdivide the property into lots and construct a model home, a road and other improvements necessary to market the properties for sale, (2) "an accounting of all monies paid and received by plaintiff with respect to the lake property," and (3) money damages for plaintiff's alleged breach of his contract with defendant.

Following joinder of issue and some discovery, the matter proceeded to trial. At the outset, plaintiff moved to limit the proof on defendant's counterclaim for an accounting to transactions taking place after plaintiff moved into the model home in 1990 or 1991. Supreme Court granted the motion. Based upon the court's limitation of the scope of defendant's counterclaim

for an accounting, defendant apparently chose not to offer any evidence in support of the counterclaim, which was accordingly dismissed.* The jury ultimately rendered a verdict in favor of plaintiff. On this appeal, defendant challenges only Supreme Court's trial order limiting the scope of the proof on his counterclaim for an accounting.

We affirm. As correctly contended by plaintiff, defendant's counterclaim for an accounting failed to state a cause of action and should have been dismissed in its entirety. In our view, the parties' respective allegations concerning their purchase and financing of the subject property, their plan to improve, develop and market it, and their agreement to equally share expenses, profits and losses, establishes their partnership (*compare, Cleland v Thirion*, 268 AD2d 842, 843-844). By its terms, Partnership Law § 74 precludes an accounting prior to the termination or dissolution of the partnership (*see, Posner v Posner*, 280 AD2d 318, 319; *Mills v O'Donnell*, 188 AD2d 692, 693; *see also, Dame v Williams*, 285 AD2d 928). Even if that were not so, plaintiff is correct in his assertion that plaintiff's wrongful conduct was an essential element of defendant's cause of action for an accounting (*see, Brigham v McCabe*, 27 AD2d 100, 105, *affd* 20 NY2d 525; *Hamilton v Patrolmen's Benevolent Assn.*, 88 NYS2d 683 [Sup Ct]; *see also*, 1 NY Jur 2d, Accounts and Accounting, § 34, at 187). The answer alleges no wrongful acts on plaintiff's part occurring prior to the time that he moved into the model home, thus providing a valid basis for Supreme Court's exclusion of evidence of transactions taking place prior to that time.

Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

* Our uncertainty results from defendant's election to omit the trial transcript from the record on appeal.