■ MICHAEL J. MORRIS et al., Appellants-Respondents, v DAVID J. CRAWFORD, Respondent-Appellant. [757 NYS2d 383] —Crew III, J. Cross appeals from a judgment of the Supreme Court (Cobb, J.), entered February 4, 2002 in Columbia County, upon a decision of the court in favor of defendant.

The underlying facts are set forth in this Court's prior decision in this matter (281 AD2d 805 [2001]). In August 1989, defendant entered into a purchase agreement with plaintiff Michael J. Morris, pursuant to the terms of which defendant was to acquire an ownership interest in Morris's engineering firm, plaintiff Morris Associates. Thereafter, in February 1992, defendant, Morris and a third individual executed and filed a certificate of business indicating that they were conducting

business as a partnership. Shortly thereafter, defendant became disenchanted with the operation of the partnership and, by memorandum dated March 31, 1992, presented Morris with three possible options concerning the future of Morris Associates including, insofar as is relevant to this appeal, a proposal to separate the office of Morris Associates located in the City of Hudson, Columbia County, from the firm's primary office in the City of Poughkeepsie, Dutchess County, with defendant assuming responsibility for running the Hudson office. Negotiations between Morris and defendant subsequently broke down and, in May 1992, defendant began operating a firm known as Crawford & Associates out of the Hudson office.

Plaintiffs thereafter commenced this action alleging, inter alia, tortious interference with contracts and breach of fiduciary duty. Defendant answered and counterclaimed for, among other things, an accounting. Following an unsuccessful motion for summary judgment, the matter proceeded to a bench trial with the primary dispute centering upon the date of dissolution for the partnership. Ultimately, Supreme Court found that the partnership was dissolved on May 15, 1992 and dismissed plaintiffs' breach of contract and breach of fiduciary duty claims. As to damages, Supreme Court awarded plaintiffs $39,939, representing the value of the equipment, supplies and transition expenses incurred with regard to the Hudson office, together with the value of the services rendered to Crawford & Associates during the transition period. In so doing, Supreme Court held that plaintiffs had failed to adduce any credible evidence as to the value of the goodwill of the partnership as of the date of dissolution. Supreme Court further found that defendant was entitled to damages in the amount of $55,574, representing compensation for work performed by Crawford & Associates for a particular client after the dissolution of the partnership and during the transition period. Plaintiffs' award was deducted from defendant's award, leaving a balance due to defendant in the amount of $15,635. These funds were paid from an escrow account established by the parties prior to trial, and Supreme Court awarded 72% of the interest earned thereon to plaintiffs and 28% of the interest earned to defendant. These cross appeals ensued.

Plaintiffs initially contend that Supreme Court erred in fixing the date of dissolution as May 15, 1992. We cannot agree. The case law makes clear that where, as here, "a partnership has no definite term or particular objective to be achieved, it may be dissolved at any time by the express will of one or more of the partners" (*Harshman v Pantaleoni*, 294 AD2d 687, 687

[2002]; *see* Partnership Law § 62 [1] [b]), which requires an "unequivocal election to dissolve the partnership" (*Alessi v Brozzetti*, 228 AD2d 917, 918 [1996]).

The record reflects that defendant communicated his desire to dissolve the partnership as early as March 1992, at which time he authored the memorandum to Morris outlining three possible proposals for the future of Morris Associates and his departure therefrom. Morris testified that he and defendant thereafter entered into negotiations for defendant to take over the operation of the Hudson office and acknowledged that a transition period of May 15, 1992 to June 15, 1992 was established. During this time period, Morris conceded, clients would be notified of the change in ownership and he would continue to pay the expenses of the Hudson office. Morris argues, however, that he and defendant never reached a final agreement and, as such, the partnership between them did not dissolve until June 19, 1992, the date upon which Morris realized that defendant was not going to honor his request to suspend negotiations.

While there indeed is evidence in the record to support the dissolution date suggested by Morris, there also is ample evidence to support the dissolution date adopted by Supreme Court. Defendant testified that he and Morris agreed to a May 15, 1992 start date for the separation of the Hudson office, which testimony Supreme Court plainly was free to credit. The record further reflects that defendant filed a certificate on or about May 22, 1992 indicating that he was doing business as Crawford & Associates, as well as a certificate of withdrawal dated July 10, 1992, wherein defendant indicated that he withdrew from Morris Associates effective May 15, 1992. Additionally, a secretary in the Hudson office testified that between May 15, 1992 and June 15, 1992, she answered the telephone in the Hudson office as "Crawford & Associates." During this time period, various clients were notified of the change, and the manner in which client billings were handled was altered as well. Specifically, the record reveals that clients based out of the Hudson office received bills from Crawford & Associates for work performed during the transition period and, further, that defendant received invoices from Morris Associates for work performed by Morris Associates' employees on Crawford & Associates' projects during this same period. In light of such testimony, we cannot say that Supreme Court's conclusion that defendant made an unequivocal election to dissolve the partnership effective May 15, 1992 could not have been reached upon "any fair interpretation of the evidence"

(*New York Mut. Underwriters v Kaufman*, 283 AD2d 850, 850 [2001]).

Plaintiffs next contend that Supreme Court erred in dismissing their cause of action for breach of fiduciary duty. The crux of plaintiffs' claim in this regard is that the record overwhelmingly establishes that defendant solicited Morris Associates' clients prior to dissolution, improperly billed and retained payments for work performed for Morris Associates' clients, wrongfully appropriated the work product of the former partnership and improperly represented Crawford & Associates' relationship to said partnership. We cannot agree.

While it is clear that partners "are bound by a fiduciary duty requiring 'the punctilio of an honor the most sensitive'" (*Graubard Mollen Dannett & Horowitz v Moskovitz*, 86 NY2d 112, 118 [1995], quoting *Meinhard v Salmon*, 249 NY 458, 464 [1928]), it is equally clear that the fiduciary relationship between partners terminates upon notice of dissolution (*see Wynne v Gruber*, 237 AD2d 284, 284-285 [1997]; *White Light Prods. v On The Scene Prods.*, 231 AD2d 90, 94 [1997]; *Dunay v Ladenburg, Thalmann & Co.*, 170 AD2d 335, 336 [1991], *lv denied* 78 NY2d 851 [1991]; *Matter of Silverberg [Schwartz]*, 81 AD2d 640, 641 [1981]).* Hence, while the pretermination surreptitious solicitation of firm clients for a partner's personal gain indeed would be contrary to the partner's fiduciary duty (*see Graubard Mollen Dannett & Horowitz v Moskovitz, supra* at 120-121), the record before us completely fails to support any finding that defendant attempted to solicit Morris Associates' clients prior to May 15, 1992. Nor are we persuaded that defendant deflected profits properly belonging to plaintiffs prior to the dissolution date. Although the record discloses that there may have been some dispute as to whether Morris Associates or Crawford & Associates was going to manage a particular account, the bills issued by Crawford & Associates with regard to these disputed accounts pertain to professional services rendered on or after the dissolution date.

We also find no merit to plaintiffs' contention that defendant usurped the work product of Morris Associates by retaining in the Hudson office the plans and specifications prepared by that entity for existing clients. As a starting point, none of the documents pertaining to the parties' negotiations to separate the Hudson and Poughkeepsie offices makes any mention as to the disposition of client files—although the record generally reflects

---

* The partner charged with winding up the affairs of the partnership, however, retains a fiduciary duty with regard to the preservation of firm assets (*see Matter of Silverberg [Schwartz], supra* at 641 n).

an intent for defendant to take over the Hudson office. Moreover, many of the specifications and plans that plaintiffs assert defendant wrongfully appropriated bear notations that such documents remain the property of the respective clients. Thus, we are unable to conclude that defendant's retention of such files constitutes a breach of fiduciary duty.

Finally, although plaintiffs cite one occasion wherein defendant informed a client (following dissolution) that Crawford & Associates was the "successor" to the former Morris Associates, we cannot agree with plaintiffs that this reference forms the basis for a breach of fiduciary duty cause of action. It appears from defendant's testimony that he did not appreciate the legal ramifications of such references and, upon being advised by counsel not to use this language in the future, he ceased doing so. In short, based upon our review of the record as a whole, we conclude that Supreme Court properly dismissed plaintiffs' cause of action for breach of fiduciary duty.

As to the issue of damages, we have no quarrel with respect to Supreme Court's determination as to the components of plaintiffs' damages—namely, goodwill (including the value of existing clients as of the date of dissolution), together with the stipulated values regarding office equipment ($10,590) and supplies ($2,000), transition expenses incurred on behalf of Crawford & Associates paid by Morris Associates ($33,782.67) and invoices from Morris Associates to Crawford & Associates for work performed on behalf of the latter ($4,463.82). Nor are we inclined to disturb Supreme Court's finding that the testimony offered by plaintiffs' expert as to valuation was not credible. Plainly, Supreme Court is vested with the authority to choose among conflicting expert opinions (see Matter of Golub Corp / Price Chopper Operating Co. v Assessor of Town of Queensbury, 282 AD2d 962 [2001]), and given that plaintiffs' expert failed to, inter alia, establish a relationship between gross receipts and the value of the partnership's clients as of the date of dissolution, we cannot say that Supreme Court's determination in this regard is unsupported by the record.

As a final matter, both parties subscribe error to the manner in which Supreme Court awarded (or failed to award) interest. Plaintiffs argue that they are entitled to prejudgment interest at the statutory rate from the date of dissolution, while defendant argues that Supreme Court inequitably distributed the interest earned on the escrow account funds, allocating 72% of such interest to plaintiffs and 28% of such interest to defendant. Simply stated, the award and allocation of interest in this matter was committed to the sound discretion of the

trial court and, as we perceive no abuse of that discretion here, Supreme Court's award will not be disturbed. The parties' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.

