■ HOWARD KANTOR et al., Respondents, v WILLIAM J. MESI-BOV, Appellant, et al., Defendants. [827 NYS2d 202]—

In a derivative action on behalf of Columbia Realty Associates to recover damages, inter alia, for breach of a fiduciary duty, the defendant William J. Mesibov appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.), dated May 23, 2005, as granted that branch of the plaintiffs' motion which was for summary judgment on their first, second, third, and seventh causes of action insofar as asserted against him, and (2) from an amended judgment of the same court dated March 15, 2006, which is in favor of the plaintiffs Howard Kantor and James Alexander for the benefit and in the right of Columbia Realty Associates and against him in the principal sum of $635,312.57.

Ordered that the defendant's notice of appeal from a judgment dated September 12, 2005 is deemed a premature notice of appeal from the amended judgment dated March 15, 2006 (*see* CPLR 5520 [c]); and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the amended judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are

brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the appellant's contention, the Supreme Court properly determined that a purported management agreement executed by only four out of six partners of the subject partnership was unenforceable as a matter of law (*see Alizio v Perpignano*, 176 AD2d 279, 281 [1991]). Under the purported management agreement, the appellant was paid a $2,000 monthly fee for services he rendered in managing the subject partnership, Columbia Realty Associates (hereinafter Columbia). However, Columbia's partnership agreement contained a provision prohibiting any partner from receiving compensation for services rendered to the partnership. This provision was consistent with the general rules governing partnerships (*see* Partnership Law § 40 [6]; *Birnbaum v Birnbaum*, 73 NY2d 461, 465-466 [1989]). The appellant contends that an addendum to the partnership agreement which provides that "[a]ll matters including but not limited to architectural changes, distribution of funds among partners, borrowing for partnership, etc., shall be by majority vote" was sufficient to override the provision in the partnership agreement which prohibited any partner from receiving compensation for services rendered to the partnership. However, under the Partnership Law of New York, consent by all the partners was needed to act in contravention of the provision of the partnership agreement which prohibited any partner from receiving compensation for services rendered to the partnership (*see* Partnership Law § 40 [6]; *Levy v Keslow*, 235 AD2d 293 [1997]; *cf.* Partnership Law § 40 [8]). Nothing in the addendum changed this rule of unanimity.

The appellant's remaining contentions are unpreserved for appellate review (*see DeLeon v New York City Tr. Auth.*, 5 AD3d 531 [2004]; *Medugno v City of Glen Cove*, 279 AD2d 510 [2001]). Florio, J.P., Santucci, Lifson and Lunn, JJ., concur.