■ Victor Mashihi et al., Appellants, v 166-25 Hillside Partners et al., Respondents. [859 NYS2d 202]—

In an action, inter alia, for a judgment dissolving a partnership, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), entered November 22, 2006, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred, and denied their cross motion for summary judgment on the complaint.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the first cause of action as time-barred and substituting therefor a provision denying that branch of the motion as academic, and (2) by deleting the provision thereof denying the plaintiffs' cross motion for summary judgment on the complaint and substituting therefor a provision denying the cross motion as academic; as so modified, the order is affirmed insofar as appealed from, with costs.

In December 1986 the plaintiffs and the defendants Israel Israel and Joyce Israel (hereinafter collectively the Israels) formed an at-will partnership, the defendant 166-25 Hillside Partners, for the purpose of, inter alia, acquiring, operating, and maintaining a parcel of real property located at 166-25 Hillside Avenue in Jamaica, New York. By 1988, the plaintiffs, among other things, had stopped managing the property and making financial contributions towards its maintenance. It is undisputed that all communication between the plaintiffs and the Israels ceased in 1989. Accordingly, the plaintiffs, through

their actions, repudiated the partnership by 1989 at the latest, thus dissolving it at that time (*see Simons v Ross*, 309 AD2d 667 [2003]; *Morris v Crawford*, 304 AD2d 1018, 1020 [2003]; *Staines Assoc. v Adler*, 266 AD2d 52 [1999]; *Mills v O'Donnell*, 188 AD2d 692, 693 [1992]; Partnership Law § 62 [1] [b]). To the extent the plaintiffs claim that they are entitled to a judgment dissolving the partnership as requested in their first cause of action pursuant to Partnership Law § 63, that claim is academic since the partnership was previously dissolved by operation of law (*see* Partnership Law §§ 60, 62 [1] [b]; *Aaron v Aaron*, 2 AD3d 942, 944 [2003]; *Zari v Zari*, 155 AD2d 452, 453 [1989]; *Carola v Grogan*, 102 AD2d 934, 935 [1984]).

The Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the second and third causes of action of the complaint for an accounting and a winding-up of partnership affairs on the ground that those causes of action were time-barred. A cause of action for an accounting accrues upon dissolution of a partnership (*see* Partnership Law § 74; *Allied Bingo Supplies of Fla., Inc. v Hynes*, 27 AD3d 597, 598 [2006]; *Posner v Posner*, 280 AD2d 318 [2001]), and must be commenced within six years of the dissolution (*see Sagus Mar. Corp. v Rynne & Co.*, 207 AD2d 701, 702 [1994]; CPLR 213 [1]). The plaintiffs' second cause of action for an accounting was time-barred because it was interposed in 2004, approximately nine years after the expiration of the statute of limitations (*see Eskenazi v Schapiro*, 27 AD3d 312, 315 [2006]; *Mills v O'Donnell*, 188 AD2d at 693). Likewise, the plaintiffs' third cause of action, which sought a winding-up of the partnership affairs, is also time-barred (*see Shandell v Katz*, 95 AD2d 742, 743 [1983]).

The Supreme Court should have denied the plaintiffs' cross motion for summary judgment on the complaint as academic.

The plaintiffs' remaining contention is not properly before us. Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur.