■ ROBERT J. CONGEL et al., Respondents, v MARC A. MALFITANO, Appellant. [877 NYS2d 441]—

In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty and for a judgment declaring that the defendant wrongfully dissolved the Poughkeepsie Galleria Company Partnership, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated May 29, 2008, as granted those branches of the plaintiffs' motion which were for sum-

mary judgment on the first cause of action declaring that he wrongfully dissolved the Poughkeepsie Galleria Company Partnership and on the issue of liability on the second cause of action to recover damages for breach of contract, and dismissing the first, second, and fourth counterclaims, denied his cross motion for summary judgment, and denied his separate motion, inter alia, to be "treated as a partner of Poughkeepsie Galleria Company."

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings on the issue of damages on the second cause of action and the entry thereafter of a judgment, inter alia, declaring that the defendant wrongfully dissolved the Poughkeepsie Galleria Company Partnership.

The Supreme Court properly granted the plaintiffs' motion for summary judgment on the first cause of action declaring that the defendant wrongfully dissolved the Poughkeepsie Galleria Company Partnership (hereinafter the partnership) and on the issue of liability on the second cause of action to recover damages for breach of contract. However, we affirm the order insofar as appealed from for reasons other than those stated by the Supreme Court.

The terms of the subject partnership agreement are clear and unambiguous. Thus, contrary to the defendant's contention, the Supreme Court properly declined to treat, as premature, that branch of the plaintiffs' motion which was for summary judgment on the first and second causes of action (see CPLR 3212 [f]).

On the merits, the Supreme Court correctly concluded that the partnership created by the partnership agreement was not an at-will partnership (see Congel v Malfitano, 61 AD3d 807 [2009] [decided herewith]). The plaintiffs satisfied their prima facie burden in this regard by demonstrating that the defendant dissolved the partnership in contravention of the relevant partnership agreement (see Dental Health Assoc. v Zangeneh, 34 AD3d 622, 624 [2006]; Hooker Chems. & Plastics Corp. v International Mins. & Chem. Corp., 90 AD2d 991, 992 [1982]; Hardin v Robinson, 178 App Div 724, 728 [1916], affd without op 223 NY 651 [1918]; BPR Group Ltd. Partnership v Bendetson, 18 Mass L Rptr 593 [2005]). In opposition, the defendant failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court correctly awarded the plaintiffs summary judgment on the first cause of action declaring that the defendant wrongfully dissolved the partnership and on the issue of liability on the second cause of action to recover damages for breach of contract.

Given this result, the Supreme Court also correctly awarded the plaintiffs summary judgment dismissing the first, second, and fourth counterclaims pursuant to which the defendant sought, inter alia, a declaration that his dissolution was accomplished pursuant to Partnership Law § 62 (1) (b) and a judicial dissolution under Partnership Law § 63 (*see 220-52 Assoc. v Edelman,* 241 AD2d 365, 367 [1997]; *Zari v Zari,* 155 AD2d 452 [1989]).

The defendant's remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Dutchess County, for further proceedings on the issue of damages on the second cause of action and the entry thereafter of a judgment, inter alia, declaring that the defendant wrongfully dissolved the Poughkeepsie Galleria Company Partnership (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Spolzino, J.P., Covello, Balkin and Belen, JJ., concur.