■ Robert J. Congel et al., Respondents, v Marc A. Malfitano, Appellant. [924 NYS2d 129]—

In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty and for a judgment declaring that the defendant wrongfully dissolved a partnership, the defendant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated December 14, 2009, as granted the plaintiffs' motion for summary judgment dismissing his counterclaims, granted the plaintiffs' separate motion, among other things, for an expedited discovery schedule and a confidentiality order, in effect, denied his cross motion to compel discovery and for a limited order of confidentiality, and denied his separate cross motion, inter alia, for leave to amend his answer, (2) from an order of the same court, also dated December 14, 2009, which, upon so much of the first order dated December 14, 2009, as granted that branch of the plaintiffs' motion which was for an expedited discovery schedule, provided an expedited discovery schedule, (3) from an order of the same court dated January 11, 2010, which, upon so much of the first order dated December 14, 2009, as granted that branch of the plaintiffs' motion which was for a confidentiality order, provided a confidentiality order, and (4), as limited by his brief, from so much of an order of the same court entered March 17, 2010, as, upon renewal, adhered to the prior determination in the first order dated December 14, 2009, denying that branch of his cross motion which was for leave to amend his answer.

Ordered that the appeal from so much of the first order dated December 14, 2009, as denied that branch of his cross motion which was for leave to amend his answer is dismissed, as that portion of the order was superseded by so much of the order entered March 17, 2010, as was made upon renewal; and it is further,

Ordered that the first order dated December 14, 2009, is affirmed insofar as reviewed; and it is further,

Ordered that the second order dated December 14, 2009, and the order dated January 11, 2010, are affirmed; and it is further,

Ordered that the order entered March 17, 2010, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

Contrary to the defendant's contentions, the Supreme Court providently exercised its discretion in denying that branch of his cross motion which was for leave to amend his answer to assert counterclaims pursuant to Partnership Law §§ 73 and 74. Although leave to amend should be freely given in the absence of prejudice or surprise to the opposing party (*see* CPLR 3025 [b]), the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit (*see Brooks v Robinson*, 56 AD3d 406, 407 [2008]; *Scofield v DeGroodt*, 54 AD3d 1017, 1018 [2008]; *Lucido v Mancuso*, 49 AD3d 220, 227 [2008]). Here, the defendant's proposed amended counterclaims were patently devoid of merit.

CPLR 3101 (a) provides for, inter alia, "full disclosure of all matter material and necessary in the prosecution or defense of an action." Although the phrase "material and necessary" must be "interpreted liberally" in favor of disclosure so long as the information sought meets the test of "usefulness and reason" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]; *see Scalone v Phelps Mem. Hosp. Ctr.*, 184 AD2d 65, 69-70 [1992]), a party does not have the right to uncontrolled and unfettered disclosure (*see Merkos L'Inyonei Chinuch, Inc. v Sharf*, 59 AD3d 408, 410 [2009]; *Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007]). Further, the Supreme Court has broad discretion over the supervision of disclosure, and its determination will not be disturbed absent an improvident exercise of discretion (*see Spodek v Neiss*, 70 AD3d 810 [2010]; *Reilly Green Mtn. Platform Tennis v Cortese*, 59 AD3d 694, 695 [2009]; *Cabellero v City of New York*, 48 AD3d 727, 728 [2008]).

On the defendant's prior appeal, this Court remitted the matter to the Supreme Court, Dutchess County, for, inter alia, further proceedings on the issue of damages caused to the plaintiffs by the defendant's wrongful dissolution of the Poughkeepsie Galleria Company Partnership, as well as a determination of the value of the defendant's interest in that partnership at the time of the wrongful dissolution (*see Congel v Malfitano*, 61 AD3d 810 [2009]; Partnership Law § 69 [2] [c] [II]). Given that the remaining issues to be resolved in this matter are narrow (*see* Partnership Law § 69 [2] [c] [II]), the Supreme Court did not improvidently exercise its discretion in limiting the scope of discovery and providing for an expedited discovery schedule.

The defendant's remaining contentions either are without merit or do not require reversal. Covello, J.P., Hall, Lott and Cohen, JJ., concur.