Congel v Malfitano (2021 NY Slip Op 02130)





Congel v Malfitano


2021 NY Slip Op 02130


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-11068
 (Index No. 220/07)

[*1]Robert J. Congel, et al., respondents,
v
Marc A. Malfitano, appellant.


Harris Beach PLLC, Albany, NY (Victoria A. Graffeo and Svetlana K. Ivy of counsel), for appellant.
Goodwin Procter LLP, New York, NY (Anthony S. Fiotto and Brian T. Burgess of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty and for a judgment declaring that the defendant wrongfully dissolved the Poughkeepsie Galleria Company Partnership, the defendant appeals from a third amended judgment of the Supreme Court, Dutchess County (Christi J. Acker, J.), dated August 1, 2018. The third amended judgment, insofar as appealed from, upon remittitur from the Court of Appeals (see Congel v Malfitano, 31 NY3d 272), failed to award the defendant prejudgment statutory interest pursuant to CPLR 5001(a) from November 24, 2006, or, alternatively, to allow the defendant to elect, in lieu of prejudgment statutory interest, receipt of the value of his share of certain partnership profits pursuant to Partnership Law § 73.
ORDERED that the third amended judgment is affirmed insofar as appealed from, with costs.
The underlying facts and procedural history of this action are summarized in our decisions and orders in several prior related appeals (see Congel v Malfitano, 141 AD3d 64, mod 31 NY3d 272; Congel v Malfitano, 84 AD3d 1145; Congel v Malfitano, 61 AD3d 810, mod 31 NY3d 272; Congel v Malfitano, 61 AD3d 807, mod 31 NY3d 272), as well as the opinion by the Court of Appeals, Congel v Malfitano (31 NY3d 272). In Congel v Malfitano (31 NY3d 272), the Court of Appeals remitted the matter to the Supreme Court, Dutchess County, in effect, for the entry of an amended judgment that addressed the Court of Appeals' determination that, contrary to this Court's prior determination (see Congel v Malfitano, 141 AD3d 64), the plaintiffs were not entitled to an award of attorney's and expert fees as an offset to the defendant's award representing the net value of his interest in the subject partnership. Upon remittitur from the Court of Appeals, the Supreme Court issued a third amended judgment dated August 1, 2018, in favor of the defendant and against the plaintiffs in the principal sum of $911,072.50, which accounted for the Court of Appeals' determination on the plaintiffs' attorney's and expert fees. The defendant appeals from the third amended judgment, contending that the Supreme Court erred by failing to award him prejudgment interest pursuant to CPLR 5001(a), or, alternatively, by failing to permit him to elect, in lieu of prejudgment statutory interest, receipt of the value of his share of certain partnership profits pursuant to Partnership Law § 73.
The defendant's contentions were previously determined adversely against him in two prior appeals in this action (see Congel v Malfitano, 141 AD3d 64; Congel v Malfitano, 84 AD3d 1145). Further, the defendant has not demonstrated to this Court new factual circumstances, additional relevant evidence, or a change in the law which would warrant reconsideration of these issues (see Matter of 24 Franklin Ave. R.E. Corp. v Heaship, 101 AD3d 1034, 1036). Accordingly, the defendant is foreclosed under the law of the case doctrine from relitigating his claims for prejudgment interest pursuant to CPLR 5001(a) as well as his alternative claim for relief pursuant to Partnership Law § 73 (see Pascual v Rustic Woods Homeowners Assn., Inc., 173 AD3d 756; Schulman Family Enters. v Schulman, 167 AD3d 959; Pathak v Shukla, 164 AD3d 687).
AUSTIN, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court